IN THE SUPERIOR COURT OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| LATEIA MITCHELL and TARIK JONES,<br><br>Plaintiffs,<br><br>vs.<br><br>PATENAUDE & FELIX, A.P.C.,<br><br>Defendant. | NO.<br><br>COMPLAINT FOR VIOLATIONS OF 15 U.S.C. § 1692 ET SEQ. AND RCW CHAPTERS 19.16 AND 19.86 ET SEQ. |

COME NOW Plaintiffs Lateia Mitchell and Tarik Jones, by and through counsel, who allege:

## I. PARTIES AND JURISDICTION

1. Plaintiffs Lateia Mitchell and Tarik Jones are a couple who reside in Washington State.

2. Patenaude & Felix, A.P.C. ("P&F"), a California Corporation, WA UBI No. 602953078, is a debt collector and collection agency doing business in Washington, and who attempted to collect an alleged debt from the Plaintiffs. P&F's registered agent is Matthew Cheung, located at 19401 40th Ave. W. Suite 280, Lynnwood, WA, 98036.

3. P&F is a licensed Collection Agency in Washington State.

Complaint - 1

4. Jurisdiction over Defendant is proper as Defendant is doing business in Washington State and maintains a business address therein.

## II. FACTS

5. In early April 2018, Plaintiffs were served with a lawsuit brought by Defendant P&F on behalf of a creditor-client, Credit Acceptance Corporation. The lawsuit was later given King County Superior Court Case Number 18-2-16989-5 and styled *Credit Acceptance Corporation v. Lateia Mitchell and Tarik Jones* (hereafter, "the collection lawsuit").

6. The underlying debt sought by the collection lawsuit arose out of a predatory automobile loan.

7. The day after being served with the collection lawsuit, Plaintiffs contacted P&F to determine whether they could resolve the matter without further legal action. Plaintiffs did not want a judgment to be entered against them, and, despite not understanding how the debt was so substantial, were willing to discuss payment options because they felt they had no other options.

8. Plaintiffs spoke with an individual at P&F who identified himself as "Jose." During this call, Plaintiffs made a proposal for making monthly payments to resolve the matter in an amount which would be sustainable for Plaintiffs. "Jose" specifically stated that P&F would get back to Plaintiffs with the response to their offer, and that no further action was needed at that time.

9. Also during the phone call, when Plaintiffs inquired about what appeared to be a grossly inflated balance, "Jose" directed Plaintiffs to speak with the lawyer at P&F who brought the collection lawsuit, Matthew Cheung, and provided Mr. Cheung's contact number.

10. After concluding the phone call with "Jose," Plaintiffs called the number for Mr. Cheung, reached his voicemail recording, and left a message asking for a call back.

11. As time progressed, Plaintiffs wondered about the response to their settlement proposal, and placed at least two more calls to Mr. Cheung and left voicemail messages.

12. To this date, Mr. Cheung has not returned any phone calls.

13. Unbeknownst to Plaintiffs, while they were awaiting the promised response from P&F to their settlement offer, or a return call from Mr. Cheung on the status of the lawsuit, on or about July 10, 2018, P&F filed a motion for default judgment with the King County Superior Court in the collection lawsuit, falsely representing that P&F was entitled to a default judgment on the basis that there had been no response to the collection lawsuit.

14. In moving for its default judgment, P&F did not serve Plaintiffs with a copy as required by CR 55. "Any party who has appeared in the action **for any purpose** shall be served with a written notice of motion for default and the supporting affidavit at least 5 days before the hearing on the motion." CR 55(a)(3) (emphasis added).

15. By contacting P&F, Plaintiffs had "appeared in the action for any purpose" as defined by Washington case law. *Servatron, Inc. v. Intelligent Wireless Products, Inc.*, 186 Wn. App. 666, 675 (2015) ("Because default judgments are disfavored, the concept of "appearance" is to be construed broadly for purposes of CR 55").

16. In April 2019, Plaintiff Lateia Mitchell was shocked when she learned that her wages were being garnished by P&F. After some investigation, Ms. Mitchell determined that this was a result of the collection lawsuit, and was understandably upset by this turn of events because of P&F's promise that it would get back to her.

17. After receiving the garnishment, Ms. Mitchell called P&F and again spoke with an individual who identified himself as "Jose." This individual confirmed to Ms. Mitchell that he had, in fact, spoken with her approximately one year ago.

Complaint - 3

18. Had P&F followed the Civil Rules and notified Plaintiffs of its intent to seek a default judgment, Plaintiffs would have been afforded the opportunity to defend themselves and to investigate why the amount demanded was so inflated, and seek an accounting of their payments. Instead, this due process opportunity was denied to Plaintiffs by P&F's unwillingness to abide by CR 55.

19. As a result of the Defendant's actions detailed above, Plaintiffs have incurred expenses in seeking and retaining counsel in connection with ascertaining their legal rights and responsibilities, have suffered damaged credit (by virtue of a judgment which should not be present), have suffered a wage garnishment, and have been charged with post-judgment interest, fees, and costs which would otherwise not have been possible, and have suffered financial uncertainty, unease, and distress caused by P&F's attempts to collect money.

### III. CAUSES OF ACTION

### GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

20. With respect to the alleged debt, Plaintiffs are consumers as defined by 15 U.S.C. § 1692a(3) and Defendant is a debt collector as defined by 15.S.C. § 1692a(6).

21. With respect to the alleged debt, Plaintiffs are "debtors" as defined by RCW 19.16.100(7) and Defendant is a collection agency as defined by RCW 19.16.100(4).

22. For claims arising under the Fair Debt Collection Practices Act, such claims are assessed using the "least sophisticated debtor" standard. *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007).

23. The discovery rule applies in FDCPA cases. *Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935, 941 (9th Cir. 2009).

## GENERAL ALLEGATIONS APPLICABLE TO CPA CLAIMS

24. Violations of RCW 19.16.250 are per se violations of the Consumer Protection Act ("CPA"), RCW chapter 19.86.[1] *See* RCW 19.16.440. RCW 19.86.090 provides for treble damages (to a limit of $25,000) and attorney's fees.

25. Because RCW Chapter 19.16 is enforced through RCW 19.86 *et seq.*, the below counts alleging violations of RCW Chapter 19.16 are therefore CPA violations.

26. Even minimal or nominal damages constitute "injury" under the CPA. *Panag*, 166 Wn.2d at 57. A plaintiff need not prove any monetary damages at all, as even "unquantifiable damages" may suffice to establish "injury" for purposes of the CPA. *Id.* (citing *Nordstrom, Inc. v. Tampourlos*, 107 Wn.2d 735, 740 (1987)).

### Count 1

27. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e. Additionally, it is a violation to falsely represent the character, amount, or legal status of any debt. § 1692e(2).

28. Section 1692e(5) prohibits a debt collector from making a "threat to take any action that cannot legally be taken or that is not intended to be taken." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1064 (9th Cir. 2011). This generally encompasses *actually taking* actions which cannot legally be taken. *See Sprinkle v. SB&C Ltd.*, 472 F. Supp. 2d 1235, 1246 (W.D. Wash. 2006). In addition, a debt collector violates 15 U.S.C. § 1692e(10) if it "use[s] ... any false representation or deceptive means to collect or attempt to collect any debt." *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1104 (9th Cir. 2012).

---

[1] *See Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 53 (2009) ("Consumer debt collection is a highly regulated field. When a violation of debt collection regulations occurs, it constitutes a per se violation of the CPA...").

29. By moving for a default judgment despite failing to follow CR 55's notice requirements, P&F misrepresented the character or legal status of the debt and took actions it could not lawfully take.

30. P&F's subsequent debt collection efforts furthered these violations, as all post-judgment collection attempts relied on the unlawfully-obtained judgment, thus resulting in inflated fees, costs, and interest which would not otherwise be owed.

31. P&F's deprivation of Plaintiffs' ability to pursue discovery in the underlying collection case furthered these violations as well.

32. Defendant therefore violated 15 U.S.C. § 1692e and/or § 1692e(2), e(5), and/or e(10) with each collection attempt beginning with the wrongful pursuit of the default judgment.

**Count 2**

33. A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. § 1692f. The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law is unfair and/or unconscionable. 15 U.S.C. § 1692f(1).

34. Plaintiffs reallege paragraphs 27-31, *supra*.

35. Here, Defendant violated § 1692f and f(1) by moving for default without providing notice as required, and by subsequently misrepresenting the amount of the debt and thereby obtaining an inflated judgment in an amount not owed.

36. Therefore, Defendant violated 15 U.S.C. § 1692f on numerous occasions.

**Count 3**

37. RCW 19.16.250(21) prohibits attempts to collect amounts in excess of the principal other than allowable interest.

38. Here, only by virtue of P&F's unlawful conduct did P&F obtain a judgment. This judgment increased the amount owed through various court costs and attorney's fees which would, absent P&F's improper conduct, not have otherwise been assessed because there would have been no judgment.

39. Thus, all post-judgment communications with Plaintiffs were attempts to collect money not owed.

40. Defendant therefore violated RCW 19.16.250(21) on numerous occasions.

**Count 4**

41. A collection agency may not represent or imply that any existing obligation "may be or has been increased by the addition of attorney fees, investigation fees, service fees, *or any other fees or charges* when in fact such fees or charges may not legally be added to the existing obligation of such debtor." RCW 19.16.250(15) (emphasis added).

42. Plaintiffs reallege paragraph 38-39, *supra*.

43. Again, only by its unlawful actions and surreptitious conduct did P&F obtain the judgment.

44. Defendant therefore violated RCW 19.16.250(15) on numerous occasions.

**Count 5**

45. RCW 19.16.250(16) prohibits threats to take actions that cannot legally be taken.

46. As Defendant could not lawfully obtain a default judgment against Plaintiffs (they did not owe any debt, and even if they did, it would be past the statute of limitations).

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

3. For statutory damages of $2,000.00 per violation, for Washington Collection Agency Act and Consumer Protection Act violations.

4. For treble damages, pursuant to RCW 19.86.090, calculated from the damages determined by the court.

5. For costs and reasonable attorney's fees as determined by the Court pursuant to 15 U.S.C. 1692k(a)(3).

6. For injunctive relief pursuant to RCW 19.86.090 as described above.

Respectfully submitted this 19th day of April, 2019.

ANDERSON SANTIAGO, PLLC

By:
T. Tyler Santiago, WSBA No. 46004
Jason D. Anderson, WSBA No. 38014
Attorneys for Plaintiffs
787 Maynard Ave. S.
Seattle, WA 98104
(206) 395-2665
(206) 395-2719 (fax)

Complaint - 9