The Honorable James L. Robart
The Honorable Theresa L. Fricke

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LATEIA MITCHELL and TARIK JONES,<br><br>Plaintiffs,<br><br>vs.<br><br>PATENAUDE & FELIX, A.P.C.,<br><br>Defendant. | NO. 2:19-cv-00809-JLR-TLF<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS**<br><br>NOTE ON MOTION CALENDAR:<br><br>June 28, 2019 |

## I.     INTRODUCTION

The allegations in this case are straightforward – Plaintiffs Lateia Mitchell and Tarik Jones were sued by Defendant Patenaude & Felix, A.P.C. ("P&F") (a debt-collection law firm) over an alleged consumer debt. When Plaintiffs were served by P&F, the case had not yet been filed.

Plaintiffs immediately contacted P&F to discuss payment arrangements, and were told that "no further action was needed" on their part until P&F responded to the payment proposal. Plaintiffs also requested the contact information for the attorney on the case, and placed several phone calls and left several messages. Neither P&F nor its counsel responded. In the meantime, unbeknownst to Plaintiffs, P&F filed the case and obtained a default judgment, representing to the state court that Plaintiffs had not "appeared" and thus a default was proper. Plaintiffs first learned of the judgment when P&F garnished Ms. Mitchell's wages. This lawsuit followed.

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS - 1
2:19-CV-00809-JLR-TLF

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

P&F's Rule 12(b)(6) motion is nothing more than an exercise in ends-justify-the-means rationalization, coyly arguing that Plaintiffs never "appeared" in the state court case because there was no *written* notice of appearance – a standard which does not apply in Washington courts. Even if P&F's tortured interpretation were the law, its statements to Plaintiffs that "no further action was needed" on their part would *still* constitute unfair, deceptive, or misleading practices in violation of the Fair Debt Collection Practices Act ("FDCPA") and Washington Collection Agency Act ("WCAA"). In any event, P&F's actions deprived Plaintiffs of their day in court and their ability to learn more about the debt, and resulted in a default judgment which increased the total amount allegedly owed. P&F cannot now claim that its ill-gotten judgment insulates P&F from liability.

Due to the remarkable similarities in facts, Plaintiff directs this Court to Judge Martinez's recent decision in *Weinstein v. Mandarich Law Grp., LLP*, 2018 WL 6199249 (W.D. Wash. Nov. 28, 2018), which determined the FDCPA and WCAA were violated when a debt-collector law firm sued a debtor in an unfiled Superior Court action, spoke to the debtor about payment arrangements, then surreptitiously obtained a default judgment without notice to the debtor and began garnishing his wages.

Although Defendant primarily focuses on the incorrect assumption that Plaintiffs never "appeared" in the collection lawsuit, Defendant's remaining arguments should be disregarded as well, as they seek a premature adjudication of the case on the merits. On a Rule 12(b)(6) motion, Plaintiffs' allegations are taken as true, and Plaintiffs have stated a viable claim. Defendant's motion to dismiss should be denied in its entirety.

## II. LAW AND ARGUMENT

### A. Fed. R. Civ. P. 12(b)(6) Motions to Dismiss

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS - 2
2:19-CV-00809-JLR-TLF

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

Historically, Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim are "viewed with disfavor" and are "rarely granted." *Gilligan v. Jamco Develop. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. This issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236 (1974). On this backdrop, the *Iqbal*/*Twombly* decisions provide additional clarification but do not impose any heightened pleading standards. *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

When considering a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see Iqbal*, 556 U.S. at 679 ("When there are well-pleaded factual allegations, a court should assume their veracity"). After accepting as true a plaintiff's allegations and drawing all reasonable inferences in its favor, a court must then determine whether the complaint alleges a plausible claim for relief. *See Iqbal*, 556 U.S. at 679; *see also Newcal Indus., Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n. 2 (9th Cir. 2008) (court must also draw all reasonable inferences in favor of the plaintiff).

### 1. *Plausible Complaints Survive Rule 12(b)(6) Motions to Dismiss*

The Ninth Circuit has explained the "plausibility" requirement as follows:

> If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6) … The standard at this stage of the litigation is not that plaintiff's explanation must be true or even probable. The factual allegations of the complaint need only 'plausibly suggest an entitlement to relief.'

*Starr v. Baca*, 652 F.3d 1202, 1216-17 (9th Cir. 2011) (citing *Iqbal*, 129 S. Ct. at 1951). Stated more succinctly, "*Iqbal* demands more of plaintiffs than bare notice pleading, *but it does*

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS - 3
2:19-CV-00809-JLR-TLF

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

*not require us to flyspeck complaints looking for any gap in the facts.*" *Lacey v. Maricopa County (Arpaio)*, 693 F.3d 896, 924 (9th Cir. 2012) (en banc) (citations omitted) (emphasis added).

### 2. *Notice Pleading Standards Apply*

The Ninth Circuit has held that *Iqbal*, *Twombly*, and their progeny did little to alter federal pleading standards beyond notice pleading, as insufficient complaints would be dismissed under either the current or former standards. *See al-Kidd v. Ashcroft*, 580 F.3d 949, 963 (2009), *rev'd on other grounds by Ashcroft v. al-Kidd*, 131 S.Ct. 2074 (2011) ("Even before the Supreme Court's decision[s] in *Bell Atlantic v. Twombly* and *Ashcroft v. Iqbal*, it was likely that conclusory allegations of motive, without more, would not have been enough to survive a motion to dismiss").

It remains the case that a complaint requires a "short and plain statement of the claim showing the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 127 S. Ct. at 1964). A plaintiff's allegations need "only enough facts to state a claim for relief that is plausible on its face." *Twombly*, 556 U.S. at 570. "[W]e do not require heightened fact pleading of specifics..." *Id.*

**B. Judge Martinez's Decision In A Recent Case With A Nearly-Identical Fact Pattern Resolves This Matter In Plaintiffs' Favor**

Judge Martinez's decision in *Weinstein v. Mandarich Law Grp., LLP*, 2018 WL 6199249 (W.D. Wash. Nov. 28, 2018) is extraordinarily illustrative due to the striking similarities in the facts and the arguments raised. *See also Weinstein v. Mandarich Law Grp., LLP*, 2019 WL 290578 (W.D. Wash. Jan. 23, 2019) (incorporating summary judgment ruling).

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS - 4
2:19-CV-00809-JLR-TLF

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

In *Weinstein*, like here, a debt-collection law firm brought a collection lawsuit in state court by serving first (but not filing). Like here, Mr. Weinstein contacted the collection law firm to discuss payment options. Like here, the collection law firm moved for a default judgment without notifying Mr. Weinstein, despite having spoken with him about the case.[1] Like here, the collection law firm took no action to vacate the improper default judgment. Like here, the collection law firm began garnishment proceedings. Like here, the collection law firm argued that by obtaining the (improper) default judgment, Mr. Weinstein's claims were somehow barred.

Judge Martinez ruled that this behavior (in addition to others) violated 15 U.S.C. §§ 1692e and 1692f, as well as RCW 19.16.250, and that obtaining an improper default judgment adjudicated nothing with respect to any of Mr. Weinstein's claims. Plaintiffs contend that the same result should apply here.

**C. Plaintiffs Appeared In The Collection Lawsuit And Were Entitled to Notice**

Much of P&F's motion is predicated on the incorrect assumption that Plaintiffs were not entitled to notice. That is not the law. Plaintiffs had appeared and were legally entitled to notice of the motion for default judgment.

*1. Notice must be given upon an "appearance," which is broadly defined*

"Any party who has appeared in the action **for any purpose** shall be served with a written notice of motion for default and the supporting affidavit at least 5 days before the hearing on the motion." CR 55(a)(3) (emphasis added).

Washington's Supreme Court has noted that CR 55 does not define "appear" or "appeared," but acknowledged that for over a century, Washington has applied the doctrine of substantial

---

[1] The singular addition is that in the *Weinstein* case, the debt collector violated the notice requirement on two occasions (a second notice requirement under CR 55(f)(1) is triggered by seeking default over one year after service), which is immaterial here.

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS - 5
2:19-CV-00809-JLR-TLF

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

compliance to what constitutes an appearance. *Morin v. Burris*, 160 Wn.2d 745, 754-55 (2007). In applying the "substantial compliance doctrine," a defendant's conduct after litigation has commenced is examined. *Id.* A party may appear formally (through a pleading) or informally (by conduct). *Id.* at 749. As the rule is meant to preserve the rights of litigants and ensure that cases are adjudicated on the merits, this is a low standard. Simply "showing up" in a case after litigation has commenced has always constituted an appearance. *See, e.g., State ex rel. Trickel v. Superior Court of Clallam County,* 52 Wn. 13, 14 (1909) (the defendant did not file a formal notice of appearance but served interrogatories upon the plaintiff); *Dlouhy v. Dlouhy,* 55 Wn.2d 718, 722 (1960) (defendant's personal appearance in court in divorce action to oppose temporary restraining order sufficient to establish appearance); *Warnock v. Seattle Times Co.,* 48 Wn.2d 450, 452 (1956) (service of the demand for security for costs was sufficient to constitute appearance); *Tiffin v. Hendricks,* 44 Wn.2d 837, 844 (withdrawal of defendant's counsel did not rescind appearance after written notice of appearance was served on plaintiff's counsel); *State ex rel. LeRoy v. Superior Court,* 149 Wn. 443 (1928) (defendant's appearance on a bond in an unlawful detainer action).

The standard for what constitutes an "appearance" is very low, as the alternative – a default judgment – is a specifically disfavored outcome in Washington law. *Servatron, Inc. v. Intelligent Wireless Products, Inc.*, 186 Wn. App. 666, 675 (2015) ("Because default judgments are disfavored, the concept of "appearance" is to be construed broadly for purposes of CR 55") (citations omitted). Accordingly, any "appearance" warrants notice of a motion for default.

### 2. *Plaintiffs appeared and were entitled to notice*

As alleged in the Complaint, Plaintiffs contacted P&F by telephone the day after being served to determine whether they could resolve the matter without further legal action, and

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS - 6
2:19-CV-00809-JLR-TLF

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

discussed possible payment arrangements. Dkt. #2-1 at ¶¶ 7-8. P&F's representative stated that P&F would respond to Plaintiffs' settlement proposal at a later time, and that <u>no further action was needed</u> at that time. *Id*. at ¶ 8. Plaintiffs also called the attorney of record in the collection lawsuit, Matthew Cheung, and left at least three voicemail messages asking for a return phone call about the lawsuit. *Id*. at ¶¶ 10-11. P&F never contacted Plaintiffs, and instead sought a default judgment without providing notice. *Id*. at ¶¶ 12-13.

Not only do Washington's Civil Rules and accompanying case law provide that Plaintiffs had "appeared" for purposes of CR 55, but P&F specifically told Plaintiffs that P&F would respond to Plaintiffs' efforts to resolve the lawsuit and that "no further action was needed." It should also be noted that when the Plaintiffs spoke with P&F in April 2018, the collection lawsuit had been served but not filed, which meant that Plaintiffs – had they been legally-trained or otherwise versed in the legal system – could not even have monitored the court's docket. *See* Dkt. #12-1 (indicating the filing of the complaint on the same date as the filing of the motion for default).

Plaintiffs had appeared and were entitled to notice, both by Washington law and by P&F's representations to Plaintiffs.

### D. The *Rooker-Feldman* Doctrine Is Not Implicated

Defendant weaves into a series of incorrect assumptions an argument that the *Rooker-Feldman* doctrine would deprive this Court of jurisdiction. Dkt. #11 at pp. 3-4. This faulty premise assumes that Plaintiffs are somehow asking this Court to overturn a state court order, which they are not. To be clear, Plaintiffs have alleged that Plaintiffs' damages were caused by P&F's actions, and that <u>but for</u> P&F's unlawful actions, the wrongful default judgment would not exist.

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS - 7
2:19-CV-00809-JLR-TLF

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

First, as to P&F's insinuation that the ill-gotten judgment somehow impacts or precludes any of Plaintiffs' claims, Judge Donohue has explained the distinction between the judgment and a plaintiff's case as follows:

> The ultimate issue of fact in the present matter is not the judgment itself, but rather, the debt collection practices that led to that judgment. Thus, no identity of issues exists. Furthermore, Defendants have not ushered any facts supporting the contention that the garnishment procedures and unlawful collection arguments made under the FDCPA, WCAA and WCPA were finally adjudicated by the state court.

*Sprinkle v. SB&C Ltd.*, 472 F. Supp. 2d 1235, 1243 (W.D. Wash. 2006) (citation omitted). Further, "[w]hether a plaintiff in an unfair debt collection practices action actually has outstanding debt is irrelevant to the merits of the FDCPA claim." *Campos v. Western Dental Servs.*, 404 F. Supp. 2d 1164 (N.D. Cal. 2005) (citing *Baker v. G.C. Services Corp.*, 677 F.2d 775, 777 (9th Cir. 1982)).[2]

Second, as Plaintiffs' case concerns **how** Defendant collected a debt, even a legitimately-obtained judgment in a collection action would not implicate *Rooker-Feldman*. "The *Rooker–Feldman* doctrine instructs that federal district courts are without jurisdiction to hear direct appeals from the judgments of state courts." *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012). This includes a bar on "de facto appeals," the nature of which is determined by the type of relief sought by the plaintiff in the subsequent proceeding. *Id*. at 778 ("It is a forbidden de facto appeal under *Rooker–Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly **committed by the state court**, and seeks relief from the judgment of that court") (emphasis added). In *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1142-43 (9th Cir. 2004), the Ninth Circuit held that *Rooker-Feldman* applies only when the federal plaintiff both asserts as his injury legal

---

[2] To the extent P&F is also insinuating that some type of issue preclusion applies, default judgments offer no preclusive effect. *Arizona v. California*, 530 U.S. 392, 414 (2000) ("In the case of a judgment entered by confession, consent, or default, none of the issues is actually litigated."). In any event, P&F has not directly raised this as an issue and thus it should not be considered.

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS - 8
2:19-CV-00809-JLR-TLF

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

error or errors by the state court and seeks as his remedy relief from the state court judgment. The court held that *Rooker-Feldman* did not apply because the plaintiff had not alleged that she had been harmed by legal errors made by the state court; rather she alleged that the defendants' wrongful conduct caused her harm. *Id*.

Here, Plaintiffs have alleged that Defendant P&F – not the state court – violated state and federal law through its actions and collection tactics. Plaintiffs have never asked this Court to vacate or reverse any state court order, but instead seek damages pursuant to the FDCPA and WCAA. P&F's refusal to remedy its improper conduct (by moving to vacate the ill-gotten judgment) only exacerbates Plaintiffs' damages. In any event – and however characterized – P&F's unlawful conduct does not bar any of Plaintiffs' claims, nor does P&F's own improper conduct insulate it from liability.

Lastly, Plaintiffs would note that they brought this case in state court, and P&F removed to this Court. Even if *Rooker-Feldman* applied, the effect would be to deprive this Court of subject-matter jurisdiction, *Kougasian*, 359 F.3d at 1139, and the proper remedy would be remand to the King County Superior Court, not dismissal. *See also Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) ("Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court.").

### E. Plaintiffs Have Stated Viable Claims Under The FDCPA

In section D of its motion, P&F appears to improperly seek a substantive adjudication on the merits as to Plaintiffs' FDCPA claims, but also predicates its arguments on the demonstrably incorrect premise that all of P&F's conduct was lawful and proper because Plaintiffs did not "appear" in the collection lawsuit. Motion (dkt. #11) at pp. 7-10; *PAE Gov't Servs., Inc. v. MPRI,*

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS - 9
2:19-CV-00809-JLR-TLF

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

*Inc.*, 514 F.3d 856, 858 (9th Cir. 2007) (Rule 12(b)(6) authorizes courts to "review claims for legal sufficiency," as "adjudication on the merits must await summary judgment or trial").

The issue before this Court is whether Plaintiff has properly stated a claim. Defendant P&F has provided no meaningful argument beyond reasserting its argument that its actions were proper. All Plaintiffs can do is to reiterate the allegations made in the Complaint, the contents of which are sufficient to state a claim:

### 1. <u>Count 1: Violations of 15 U.S.C. § 1692e</u>

15 U.S.C. § 1692e is a blanket prohibition on false, deceptive, or misleading representations or means, a plaintiff need not allege anything beyond § 1692e, as its subsections comprise a non-exclusive list of exemplar conduct constituting violations of § 1692e. As further alleged by Plaintiffs:

> Section 1692e(5) prohibits a debt collector from making a "threat to take any action that cannot legally be taken or that is not intended to be taken." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1064 (9th Cir. 2011). This generally encompasses *actually taking* actions which cannot legally be taken. *See Sprinkle v. SB&C Ltd.*, 472 F. Supp. 2d 1235, 1246 (W.D. Wash. 2006). In addition, a debt collector violates 15 U.S.C. § 1692e(10) if it "use[s] ... any false representation or deceptive means to collect or attempt to collect any debt." *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1104 (9th Cir. 2012).

Complaint (dkt. #2-1) at ¶ 28. Plaintiffs then alleged P&F violated § 1692e by (A) moving for a default judgment without giving legally-mandated notice to the Plaintiffs, (B) performing additional collection activity (such as garnishment) based on the ill-gotten judgment, and only by virtue of P&F's unlawful actions was a greater amount of money "owed," and (C) preventing Plaintiffs from learning about the alleged debt by depriving Plaintiffs of the ability to conduct discovery. Complaint at ¶¶ 29-32.

Plaintiffs' claims under § 1692e are viable claims. Although P&F's only argument is that it was not required to give Plaintiffs notice of the motion for default under CR 55, Plaintiffs would

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS - 10
2:19-CV-00809-JLR-TLF

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

still prevail even if P&F was correct: P&F used false, deceptive, or misleading representations (or means) when it represented to Plaintiffs that "no further action was necessary" and that P&F would respond to Plaintiffs' settlement offer. Plaintiffs can hardly be blamed for relying on P&F's own statements. Therefore, Plaintiffs have stated a claim for violation of § 1692e, including its subsections.

    2. *Count 2: Violations of 15 U.S.C. § 1692f*

A debt collector's single action or procedure can give rise to multiple violations of the FDCPA. *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1177 (9th Cir. 2006) ("In many cases several different sections or subsections of the FDCPA may apply to a given factual situation.") (citations and quotations omitted).

Here, P&F's actions violate 15 U.S.C. § 1692f, which prohibits the use of unfair or unconscionable means to collect or attempt to collect any debt. *See Weinstein v. Mandarich Law Grp., LLP*, 2018 WL 6199249, at *4 (W.D. Wash. Nov. 28, 2018)). The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law is unfair and/or unconscionable. 15 U.S.C. § 1692f(1).

Thus, Plaintiffs have stated a claim and Defendant's motion should be denied.

**F. Plaintiffs Stated Claims For Violations Of The WCAA**

Defendant dismissively waves away Plaintiffs' "per se" CPA claims for violation of the Washington Collection Agency Act, instead focusing on "general" CPA claims. However, Plaintiffs only brought "per se" claims and did not bring any generalized CPA claims, which renders nearly all of Defendant's briefing irrelevant. Motion (dkt. #11) at pp. 10-15. As Plaintiffs

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS - 11
2:19-CV-00809-JLR-TLF

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

have stated a claim for a "per se" violation of the CPA by way of P&F's violations of the WCAA, Defendant's motion should be denied.

### 1. *The WCAA is enforced through the CPA*

There are two general methods by which a Consumer Protection Act claim is brought – either a plaintiff brings a "per se" violation case (meaning violation of a statute incorporating the CPA), or a plaintiff brings a catch-all violation case directly under the CPA itself (without use of any other statutes). Under *Hangman Ridge Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 784 (1986), any CPA plaintiff must establish five elements: (1) an unfair or deceptive practice, (2) occurring in trade or commerce, (3) which affects the public interest, (4) an injury to the plaintiff's business or property, (5) that the injury was caused by the unfair or deceptive practice. A WCAA violation is a "per se" violation of the CPA, and satisfies the <u>first two elements</u> (unfair or deceptive practice and occurring in trade or commerce). *Panag v. Farmers Ins. Co. of Washington*, 166 Wn.2d 27, 53 (2009). A violation of the WCAA has since been definitively determined to satisfy the <u>third element</u>, "public interest impact," as well. *Id.* at 54 (With respect to the WCAA and CPA, "the business of debt collection affects the public interest…"). All that remains is whether there was "injury," as that term of art is used by Washington jurisprudence, and whether it was caused by Defendant's deceptive or unfair practice.

The CPA addresses "injuries" rather than "damages"; quantifiable monetary loss is not required. *Panag* 166 Wn.2d 58. Simply consulting an attorney is sufficient to show injury. *Frias v. Asset Foreclosure Servs., Inc.*, 181 Wn.2d 412 (2014) (*citing Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 62 (2009)). In other words, to borrow from a contractual idiom, "a mere peppercorn will suffice."

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS - 12
2:19-CV-00809-JLR-TLF

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

Here, Plaintiffs have brought "per se" claims for P&F's violations of the Washington Collection Agency Act. RCW 19.16.250; 19.16.440. Plaintiffs, therefore, need not establish the first three *Hangman Ridge* elements as described above, as the violation is predicated on P&F's violation of the WCAA. Further, the WCAA applies to law firms. *Fireside Bank v. Askins*, 430 P.3d 1145, 1149 (Wash. Ct. App. 2018) (citing *Paris v. Steinberg & Steinberg*, 828 F. Supp. 2d 1212, 1220 (W.D. Wash. 2011)).

### 2. *Plaintiffs alleged viable claims under the WCAA*

Plaintiffs have properly alleged WCAA violations as follows:

Count 3 – RCW 19.16.250(21): As Judge Martinez ruled in *Weinstein v. Mandarich Law Grp., LLP*, 2018 WL 6199249 (W.D. Wash. Nov. 28, 2018), additional fees and interest resulting from an improperly-obtained default judgment constitute violations of RCW 19.16.250(21) (which prohibits attempts to collect amounts in excess of the principal other than allowable interest). The same applies here – P&F unlawfully obtained a default judgment, and only by those improper actions was a default judgment entered for an amount greater than the alleged debt.

Count 4 – RCW 19.16.250(15): Just as in Count 3, P&F added fees and costs to the amount of the alleged debt by obtaining (improperly) a default judgment. RCW 19.16.250(15) prohibits a collection agency from adding unlawful fees and costs to an existing debt, which was violated here for the same reasons as RCW 19.16.250(21).

P&F will argue that by obtaining the default judgment, it somehow is absolved of liability for its unlawful actions. It would, of course, be a distorted view of the law to immunize a collection agency for demanding additional money, <u>procured exclusively by its own unlawful conduct</u>, because of the results of its unlawful conduct (the judgment). This type of argument would run contrary to Washington's mandate for liberal construction of the CPA. *Thornell v. Seattle Serv.*
PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS - 13
2:19-CV-00809-JLR-TLF

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

*Bureau, Inc.*, 184 Wn.2d 793, 800 (2015); *see also Veridian Credit Union v. Eddie Bauer, LLC*, 295 F. Supp. 3d 1140, 1162 (W.D. Wash. 2017).

Count 5 – RCW 19.16.250(16): This statute prohibits threats to take actions which cannot legally be taken. This language runs parallel with 15 U.S.C. § 1692e(5), which also prohibits such threats, and which is understood to encompass *actually taking* actions which cannot legally be taken. *See Sprinkle v. SB&C Ltd.*, 472 F. Supp. 2d 1235, 1246 (W.D. Wash. 2006); *Poirier v. Alco Collections, Inc.*, 107 F.3d 347, 350–51 (5th Cir. 1997) (Section 1692e(5) protects consumers against debt collectors that actually complete illegal acts as well as against debt collectors who merely threaten to complete those acts).

Given the liberal mandate of the CPA, there is no justifiable reason that the same logic would not apply to the similarly-worded RCW 19.16.250(16). *See Panag v. Farmers Ins. Co. of Washington*, 166 Wn.2d 27, 53 (2009) (The WCAA "is our state's counterpart to the FDCPA."). P&F took actions which could not legally be taken (primarily obtaining a default judgment without providing notice), and thus violated RCW 19.16.250(16).

In short, Plaintiffs have stated a claim for violation of the CPA via the "per se" violations of the WCAA. Defendant P&F's arguments directed at "general" CPA claims (such as the assertions regarding the "entrepreneurial" aspects of legal practice) are wholly irrelevant and should be disregarded. Defendant's motion should be denied.

### G. *Litigation Privilege Only Applies to Witness Testimony and Bars Defamation and Common-law Tort Actions Based on That Testimony*

In arguing for the application of litigation privilege against Plaintiffs' state law claims, P&F makes several assertions which warrant correction. Response (dkt. #11) at pp. 15-17. To be clear, Plaintiffs sued P&F – a licensed debt collection agency under the WCAA (Complaint at ¶¶

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS - 14
2:19-CV-00809-JLR-TLF

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

2-3) – not any individual attorney. Plaintiffs sued P&F for its debt-collection activities under RCW Chapter 19.16, the statutes which govern collection agencies, and not for some generalized CPA claim as disgruntled litigants. Furthermore, P&F was not a party to the collection lawsuit, and P&F (as a corporate entity) offered no substantive testimony (which would likely run afoul of the lawyer-as-witness rule). That being said, "litigation privilege" is not a carte-blanche immunity that applies to all matters pertaining to lawsuits, and it does not apply here.

The case explaining the general scope of "witness immunity" – typically known as "litigation privilege" – is *Wynn v. Earin*, 163 Wn.2d 361, 369-70 (2008), where the Washington Supreme Court explained: "The purpose of this common law rule [immunizing witnesses] is to preserve the integrity of the judicial process by encouraging full and frank testimony." (citations and quotations omitted). The privilege, which applies to testimony, is generally applied to bar suits alleging defamation. *See* Restatement (Second) of Torts §§ 586–588 (1977). (P&F also incorrectly uses the term "absolute privilege," a type of litigation privilege which generally applies to the legislature, judiciary, and prosecuting attorneys in criminal cases.)

The Washington Supreme Court took care to explain that, "while some statements of the [witness immunity] rule make it appear to be absolute, it is not." *Wynn*, 163 Wn.2d at 364. The court explained that the statute at issue there, the Health Care Information Act, was simply not subject to the witness immunity rule, but even if it were, "the Act shows the legislature's intent to allow a cause of action notwithstanding the witness immunity rule." 163 Wn.2d 361, 370. Similarly, the Washington Collection Agency Act, enforced through the Consumer Protection Act, is a set of statutory protections against unfair collection activity, and **specifically prohibits certain conduct within litigation**. RCW 19.16.250(9); *see also* RCW 19.16.260 (requiring a collection agency license to file a lawsuit).

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS - 15
2:19-CV-00809-JLR-TLF

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

In Washington, litigation privilege has always been applied exclusively to bar common-law tort claims (almost always defamation) over testimony in connection with legal proceedings. *See Bender v. City of Seattle*, 99 Wn.2d 582, 600 (1983) ("An absolute privilege or immunity is said to absolve the defendant of all liability for defamatory statements."). Whether the privilege extends to other torts is not relevant here, as <u>all of Plaintiff's claims are statutory claims</u>, not common-law tort claims. In any event, the applicable statutes (the WCAA) override common law.

Judge Coughenour has repeatedly rejected the argument that litigation privilege bars claims under the WCAA/CPA. *Hoffman v. Transworld Sys. Inc.*, 2018 WL 5734641, at *10 (W.D. Wash. Nov. 2, 2018), *reconsideration denied*, 2019 WL 109437 (W.D. Wash. Jan. 4, 2019); *Linehan v. Allianceone Receivables Mgmt., Inc.*, C15-1012-JCC, 2016 WL 1408089, at *2 (W.D. Wash. Apr. 11, 2016) (litigation privilege "pertains to witness testimony given in judicial proceedings") (citing *Wynn*, 163 Wn.2d 361).

Litigation privilege applies to defamation claims based on witness testimony, and to further the purpose of open and truthful court proceedings. Litigation privilege does not apply to immunize debt collectors from wrongful conduct prohibited by the Washington legislature and Supreme Court. As Plaintiffs' claims are all statutory claims and not common-law tort claims, the doctrine of litigation privilege cannot apply.

**H. <u>In The Alternative, Plaintiff Respectfully Requests Leave To Amend</u>**

Dismissal without leave to amend is proper only where it is clear that "the complaint could not be saved by any amendment." *In re Daou Sys., Inc.,* 411 F.3d 1006, 1013 (9th Cir. 2005). To the extent that Defendant's motion succeeds, Plaintiffs respectfully request leave to amend the Complaint.

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS - 16
2:19-CV-00809-JLR-TLF

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that Defendant's Rule 12(b)(6) motion to dismiss be denied.

Dated this 24th day of June, 2019.

        **ANDERSON SANTIAGO, PLLC**

        By: /s/ Jason D. Anderson
        Jason D. Anderson, WSBA No. 38014
        T. Tyler Santiago, WSBA No. 46004
        Attorney for Plaintiff
        787 Maynard Ave. S.
        Seattle, WA 98104
        (206) 395-2665
        (206) 395-2719 (fax)

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS - 17
2:19-CV-00809-JLR-TLF

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

## Certificate of Service

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Marc Rosenberg
Lee Smart, P.S.
1800 Convention Place
701 Pike Street
Seattle, WA 98101
*Attorneys for Defendant*

  /s/ Jason D. Anderson
Jason D. Anderson

CERTIFICATE OF SERVICE - 1
2:19-CV-00185-RBL

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719