Hon. James L. Robart
Hon. Theresa L. Fricke

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| LATEIA MITCHELL and TARIK JONES,<br><br>Plaintiffs,<br><br>vs.<br><br>PATENAUDE & FELIX, A.P.C.,<br><br>Defendant. | No. 2:19-cv-00809-JLR-TLF<br><br>DEFENDANT'S MOTION TO CERTIFY QUESTIONS TO THE WASHINGTON SUPREME COURT OR NINTH CIRCUIT COURT OF APPEALS; AND FOR STAY OF PROCEEDINGS UNTIL A DECISION IS RENDERED<br><br>NOTED FOR HEARING:<br>SEPTEMBER 27, 2019 |

## I. INTRODUCTION

Defendant Patenaude & Felix, A.P.C, ("Patenaude") requests that this Court certify three questions to the Washington Supreme Court, pursuant to RCW 2.60.020 and Washington RAP 16.16, because it is necessary to ascertain the local law of this state in order to properly dispose of this proceeding. The State Supreme Court should render its opinion on the following three questions:

(1) Whether the doctrine of "substantial compliance" has application outside of the context of moving to set aside a default judgment.

(2) Whether a party complying with state court rules as written can be sued under the Fair Debt Collection Practice Act or Washington's Consumer Protection Act.

(3) Whether a party needs to either appear in court or provide a written communication with the opposing party before the doctrine of "substantial compliance" can be applied.

DEFENDANT'S MOTION TO CERTIFY QUESTIONS;
AND FOR STAY OF PROCEEDINGS - 1
2:19-cv-00809-JLR-TLF
6559739.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

If this Court feels certification to the Washington Supreme Court is not appropriate, then Patenaude requests that this Court certify these questions to the Ninth Circuit Court of Appeals, pursuant to 28 U.S.C. §1292(b), because there are controlling questions of law as to which there is substantial ground for difference of opinion and an immediate appeal will materially advance the ultimate termination of the litigation.

Patenaude also requests that, pursuant to Fed.R.Civ.P. 62, relevant legal authority, and the Court's inherent authority, this Court stay proceedings pending any decision.

## II. FACTS

The relevant facts pertaining to the underlying case were not in dispute for purposes of Defendant's Rule 12(b)(6) motion to dismiss.

Patenaude served Lateia Mitchell and Tarik Jones ("Mitchell/Jones") with a summons and complaint. (Dkt 2-1 at ¶ 5); (Dkt 12-1, Exs. 1-2). Mitchell/Jones made a phone call and talked to an employee named "Jose" at the Patenaude company; saying they wanted to arrange to make payment. (Dkt 2-1 at ¶ 8). When Mitchell/Jones inquired about the amount of the debt, they were directed to contact Patenaude's attorney. (*Id*. at ¶ 9). Mitchell/Jones allege that they left three voicemails asking for a call back, but never spoke to the attorney. (*Id*. at ¶ 10). Mitchell/Jones did not indicate an intent to litigate the matter in either call. Mitchell/Jones did not memorialize this call with a writing, nor did they present any writing of any kind to the Court or to Patenaude indicating an intent to litigate.

Over the ensuing months, Mitchell/Jones did not provide any written Notice of Appearance to Patenaude's attorney, nor did they answer, demur, or make any application for an order. (Dkt 12-2, Ex. 3 at 2). Patenaude moved for default judgment and, pursuant to CR 55, (*id*.), did not serve the motion on Mitchell/Jones, who had not appeared in the matter. A default judgment was entered. (Dkt 12-4, Ex. 4). Mitchell/Jones did not move to vacate the default judgment. (Dkt 12-4, Ex. 5). Rather, they brought suit against Patenaude.

DEFENDANT'S MOTION TO CERTIFY QUESTIONS;
AND FOR STAY OF PROCEEDINGS - 2
2:19-cv-00809-JLR-TLF
6559739.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

## III. POINTS AND AUTHORITIES

### A. This Court should certify two questions to the Washington Supreme Court, pursuant to RCW 2.60.020 and Washington RAP 16.16.

When in the opinion of any federal court before whom a proceeding is pending, it is necessary to ascertain the local law of this state in order to dispose of such proceeding and the local law has not been clearly determined, such federal court may certify to the supreme court for answer the question of local law involved and the supreme court shall render its opinion in answer thereto.

RCW 2.60.020.

The Supreme Court may entertain a petition to determine a question of law certified to it under the Federal Court Local Law Certificate Procedure Act if the question of state law is one which has not been clearly determined and does not involve a question determined by reference to the United States Constitution.

RAP 16.16(a).

In the long run, certification can "save time, energy, and resources and helps build a cooperative judicial federalism." *Lehman Bros. v. Schein*, 416 U.S. 386, 391, 94 S. Ct. 1741, 1744, 40 L. Ed. 2d 215 (1974).

#### 1. Questions should be certified to the Washington Supreme Court on whether the doctrine of "substantial compliance" can be extended outside to the context of setting aside default judgments.

This Court should ascertain local Washington law on the issue of first impression before this Court. Patenuade has been unable to find any court anywhere, state or federal, published or unpublished, that has held that the doctrine of "substantial compliance" can be used as a sword to impose civil liability on a party that has followed all rules as written regarding moving for a default judgment; rather than just a shield to have default judgment's set aside so that a case can be tried on the merits.

All written rules regarding appearance require such appearance to be in writing. CR 4(a)(3) states that a "notice of appearance" shall "be in writing, shall be signed by the defendant or his attorney, and shall be served upon the person whose name is signed on the summons." Washington CR 55(a)(3). The Washington Legislature has provided:

DEFENDANT'S MOTION TO CERTIFY QUESTIONS; AND FOR STAY OF PROCEEDINGS - 3
2:19-cv-00809-JLR-TLF
6559739.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

> A **defendant appears in an action when he or she** answers, demurs, makes any application for an order therein, or **gives the plaintiff written notice of his or her appearance**. After appearance a defendant is entitled to notice of all subsequent proceedings; but when a defendant has not appeared, service of notice or papers in the ordinary proceedings in an action need not be made upon him or her. Every such appearance made in an action shall be deemed a general appearance, unless the defendant in making the same states that the same is a special appearance.

RCW 4.28.210 (emphasis added).

Where no one has appeared in a case, in this way, a party may move for default without notice to the defendant. CR 55(a)(3) ("[a]ny party who has not appeared before the motion for default and supporting affidavit are filed is not entitled to a notice of the motion, except as provided in rule 55(f)(2)(A)"). This Court's order exposes to liability any party that follows these rules and obtains a default judgment in the manner provided by Washington law. The basis for this Court's decision is the judicially created doctrine of "substantial compliance." The problem is that the doctrine of "substantial compliance" was created by judges as an equitable doctrine that a party can use to seek to set aside default, since courts prefer to try a case on the merits. As the Washington Supreme Court stated:

> Again, we do not favor default judgments. We prefer to give parties their day in court and have controversies determined on their merits. A proceeding to vacate or set aside a default judgment is equitable in its character, and the relief sought or afforded is to be administered in accordance with equitable principles and terms.

*Morin v. Burris*, 160 Wn.2d 745, 754, 161 P.3d 956, 961 (2007) (citations omitted). *See also Id.*, 160 Wn.2d at 749, 161 P.3d at 958 ("the doctrine of substantial compliance applies to the notice requirement of CR 4 when enforcing or setting aside judgments under CR 55 and CR 60"); *Id.*, 160 Wn.2d at 759, 161 P.3d at 963–64 ("[w]e will liberally apply the civil rules and equitable principles to vacate default judgments where fairness and justice require").

But there is nothing "equitable" in permitting someone that fails to pay bills to then sue their creditor when they have failed to take the basic step of appearing in a lawsuit in which they have been properly served. This Court has adopted an interpretation of a notice of

DEFENDANT'S MOTION TO CERTIFY QUESTIONS;
AND FOR STAY OF PROCEEDINGS - 4
2:19-cv-00809-JLR-TLF
6559739.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

appearance that views appearance so broadly as to eviscerate the terms of CR 4(a)(3). There are three requirements for appearance under CR 4 (a)(3). The appearance must be (1) in writing, (2) it must be signed, and (3) it must be served on the person whose name is on the summons. None of these three elements were met by Mitchell/Jones in this case.

Before fundamentally changing Washington law, this Court should ascertain whether the Washington Supreme Court would permit the doctrine of "substantial compliance" to be used as a sword, rather than an equitable shield. It is not clearly determined that the doctrine of "substantial compliance" can be used in this way. In fact, it has never been used in this way, so this Court should certify to the Washington Supreme Court: (1) Whether the doctrine of "substantial compliance" has application outside of the context of moving to set aside a default judgment; and (2) Whether a party complying with state court rules as written can be sued under the Fair Debt Collection Practice Act or Washington's Consumer Protection Act.

**2. This Court should also submit to the Washington Supreme Court the question of whether the doctrine of "substantial compliance" requires at least some writing where there has been no formal written appearance or actual appearance in court.**

In addition to the prior two questions, this Court should also submit to the Washington Supreme Court the following questions:

(3) Whether a party needs to either appear in court or provide a written communication with the opposing party before the doctrine of "substantial compliance" can be applied.

It is undisputed that Mitchell/Jones were served with the pleadings. (Dkt 2-1 at 2 ¶ 5). It is also undisputed that there was not a single writing of any kind exchanged between Mitchell/Jones and Patenaude during the underlying action.

In *Morin*, *supra*, Washington's Supreme Court recognized that Washington had used a judicially created doctrine of "substantial compliance" to permit default judgments to be set aside. *Morin* also stands for the principle that, in setting aside defaults, the Court must consider

DEFENDANT'S MOTION TO CERTIFY QUESTIONS; AND FOR STAY OF PROCEEDINGS - 5
2:19-cv-00809-JLR-TLF
6559739.doc

LEE · SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

the fact that litigation is a formal process that requires some adherence to applicable rules and standards. *Morin*, 160 Wn.2d at 754-55, 161 P.3d at 961. In *Morin*, and all subsequent cases, the party who did not formally appear, and to whom the doctrine of "substantial compliance" applied, indicated in writing some formal awareness that the case had been filed in court, whether through the formal submission of interrogatories, other court filings, or an actual appearance in court. *See Morin, supra*, (citing *State v. Superior Court of Clallam Cty.*, 52 Wash. 13, 16, 100 P. 155, 156 (1909) (defendant prematurely serving interrogatories after receiving complaint constituted "substantial compliance" with appearance requirement); *Warnock v. Seattle Times Co.*, 48 Wn.2d 450, 452, 294 P.2d 646, 647 (1956) (plaintiff's filing of demand for security for costs constituted appearance); *Dlouhy v. Dlouhy*, 55 Wn.2d 718, 723, 349 P.2d 1073, 1076 (1960) (defendant's appearance in court hearing on motion for temporary orders constituted appearance despite lack of filing).

Substantial compliance has never been found solely based on a phone call to a random employee of a company without some subsequent writing to the company about the call. And the Supreme Court in *Morin* did not limit its holding to pre-litigation communications, but expressly held that "mere intent to defend, whether shown before <u>or after</u> a case is filed, is not enough; the defendant must go beyond merely acknowledging that a dispute exists and instead acknowledge that a dispute exists in court. *Id*. at 756. Therefore, the Washington Supreme Court should also be asked the secondary question: (3) Whether a party needs to either appear in court or provide a written communication with the opposing party before the doctrine of "substantial compliance" can be applied.

**B.    If questions are not certified to the Washington Supreme Court, then Patenaude requests that this Court certify the issues to the Ninth Circuit.**

A non-final order may be certified for interlocutory appeal where it "involves a controlling question of law as to which there is substantial ground for difference of opinion"

DEFENDANT'S MOTION TO CERTIFY QUESTIONS;
AND FOR STAY OF PROCEEDINGS - 6
2:19-cv-00809-JLR-TLF
6559739.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

and where "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 687-88 (9th Cir. 2011).

### 1. There is a controlling question of law.

"[A]ll that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981), *aff'd sub nom. Arizona v. Ash Grove Cement Co.*, 459 U.S. 1190, 103 S. Ct. 1173, 75 L. Ed. 2d 425 (1983). Here, denial of the motion to dismiss would have to be reversed, and the case would terminate, if any of the three questions sought certified are answered in the affirmative." Therefore, the three questions sought to be certified, and which are set forth above, are controlling questions of law.

### 2. There is substantial ground for difference of opinions.

The "substantial ground for difference of opinion" element is met where different judges might come to different conclusions. *Reese*, 643 F.3d 681, 688 (9th Cir. 2011) ("as we see it, 'this appeal involves an issue over which reasonable judges might differ' and such 'uncertainty provides a credible basis for a difference of opinion' on the issue"). It is of note that the element does not require a showing of any actual disagreement, only substantial ground for a difference of opinion. A number of courts have held that substantial grounds for a difference of opinion exist when (1) *the issue is difficult and of first impression*; (2) a difference of opinion exists within the controlling circuit; *or* (3) the circuits are split on the issue. *See e.g., Deutsche Bank Nat. Tr. Co. v. Weickert*, 638 F. Supp. 2d 826, 831 (N.D. Ohio 2009).

The first impression category is specifically for a case such as this where no Washington case has ever previously addressed whether the doctrine of "substantial

DEFENDANT'S MOTION TO CERTIFY QUESTIONS;
AND FOR STAY OF PROCEEDINGS - 7
2:19-cv-00809-JLR-TLF
6559739.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

compliance" can be used outside of the context of setting aside a default judgment, so there is no record of a prior conflict on this issue. However, there is surely a substantial ground on which judges could differ on whether the doctrine of "substantial compliance" can or should be extended beyond their intended use in the area of setting aside default judgments.

For example, in *In Re Mariposa Project, LLC*, 514 B.R. 10 (9th Cir. 2014) a bankruptcy court questioned whether the doctrine of substantial compliance with service of process requirements on a claimant in a bankruptcy matter could be used as a sword to establish personal jurisdiction over the claimant. The court did not find any cases in the Ninth Circuit that allowed a plaintiff to use the doctrine as a sword against defaulting defendant seeking to set aside a judgment. In other words there was no authority found to allow a party to argue substantial compliance to gain an advantage over the opposing party, based on his conduct, as opposed to using substantial compliance as a shield to avoid an adverse ruling. The ruling seems contrary to the decision of this Court. *See* also *In Re Chaussee*, 399 B.R. 225 (9th Cir. 2008) (filing a declaration that complies with state court rules is not a violation of the FDCPA).

Several jurisdictions have also addressed whether the FDCPA prevails when its terms conflict state court pleading and procedural rules. See *Lopez v. 4M Collections, LLC*, No. 2:18-CV-00079-SAB, 2018 WL 2371105, at *3 (E.D. Wash. May 24, 2018) (summons that complied with Washington Court rules and served by the debt collector did not violate the FDCPA prohibition against misleading statements); *Webb v. Law Office of Ira T. Nevel, LLC*, 2016 WL 946962 at *4 (N.D. Ill. 2016) (debtor claimed law firm violated § 1692(e) by using state-created foreclosure form to file foreclosure action, and court held: "[i]t is difficult to see why § 1692e's similarly broad proscription of use of any "misleading" language in connection with collection of a debt should authorize federal courts to review and rewrite state pleading rules in foreclosure actions"); *Richards v. PAR, Inc.,* 117CV00409TWPMPB, 2018 WL

DEFENDANT'S MOTION TO CERTIFY QUESTIONS;
AND FOR STAY OF PROCEEDINGS - 8
2:19-cv-00809-JLR-TLF
6559739.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

6804008, at *3 (S.D. Ind. Dec. 27, 2018) (debtor claimed defendant violated FDCPA when it followed state court process to take possession of collateral, the court held it would not use the "ambulatory language of the FDCPA to displace decisions consciously made by state legislatures and courts about how creditors collect debts under state law").

This is a case dealing with a matter of first impression as to whether the doctrine of "substantial compliance" can be used outside of the context of setting aside default judgment. It is an extraordinarily important issue and there is a substantial ground for judges to differ as to whether the law should be so extended.

### 3. The immediate resolution of the issues by the appeals court will materially advise the ultimate determination of the litigation.

A resolution by the Ninth Circuit will "materially advance the ultimate determination of the litigation." The questions above set forth pure issues of law.

If the Ninth Circuit holds that the doctrine of "substantial compliance" cannot be extended beyond the setting aside of default judgments, and that Patenaude cannot be sued for following Washington court rules and statutes as written, then denial of the motion to dismiss will have to be reversed, and the case would terminate. If this Court forces the matter to trial, or some other conclusion, this matter will have to be appealed, because of the fundamental importance of these issues. If these questions can be answered now, it will materially advance the ultimate determination of the litigation.

### C. Patenaude meets the standard for obtaining a stay.

A district court considers four factors in determining whether to grant a stay pending appeal: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Golden Gate Rest. Ass'n v. City & Cnty. of San Francisco*,

DEFENDANT'S MOTION TO CERTIFY QUESTIONS;
AND FOR STAY OF PROCEEDINGS - 9
2:19-cv-00809-JLR-TLF
6559739.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

512 F.3d 1112, 1115 (9th Cir. 2008) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113 (1987)). "Since the traditional stay factors contemplate individualized judgments in each case, the formula cannot be reduced to a set of rigid rules." *Hilton*, 481 U.S. at 777.

### 1. Patenaude is likely to succeed on the merits if the issue is put before the Ninth Circuit.

Using the doctrine of "substantial compliance" as a sword to bring FDCPA and CPA claims is contrary to the equitable purpose of this judicially created doctrine. The doctrine of "substantial compliance" is a judicially created doctrine used solely for the equitable purpose of setting aside default judgments and permitting a case to be tried on the merits. No court has ever extended the doctrine of "substantial compliance" beyond the context of moving to set aside a default judgment, and permitting a party to knowingly fail to appear and then sue a creditor when the creditor follows Washington's rules and statutes as written is contrary to the intended purpose of the doctrine of "substantial compliance." No court has ever permitted the doctrine of "substantial compliance" to be used as a sword to seek money damages against an attorney who has fully complied with all written rules and statutes regarding what constitutes an appearance for purpose of notice on a motion for default.

The Court's decision sets a dangerous precedent, and Patenaude is likely to prevail on appeal, since the Court's extension of the doctrine of "substantial compliance" into being a basis for claims against another party is not based on any prior Washington authority, disregards Washington law as to what constitutes formal appearance for obtaining a default, and applies an equitable doctrine meant to have cases tried on the merits as a means for a party to ignore its responsibilities and sue an opponent, which is not an equitable purpose at all.

### 2. Patenaude will be irreparably injured absent a stay.

Absent a stay, Patenaude will lose money defending the suit that it can never get back. It may also be subject to potential unwarranted liability that conflicts with current Washington

DEFENDANT'S MOTION TO CERTIFY QUESTIONS;
AND FOR STAY OF PROCEEDINGS - 10
2:19-cv-00809-JLR-TLF
6559739.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

law. Defending against this suit will also divert its ability to engage in its usual work, and therefore its livelihood will be impacted, and this time and money can never be returned to it, even if Patenaude ultimately prevails in the case. *See e.g., In re Boise Cascade Sec. Litig.*, 420 F. Supp. 99, 108 (W.D. Wash. 1976) ("to undertake a complex, expensive, five-to-six-month trial with a reasonable possibility that the reviewing authority might order a second trial would be highly prejudicial to the parties and a gross imposition on this Court").

### 3. A stay will not substantially injure the Plaintiff.

Plaintiffs will not be injured if a stay is put in place, since an early decision on the crucial issues will have to be determined either here or on a subsequent appeal; and an immediate appeal will actually speed up the process.

### 4. The public interest lies in staying the proceeding until a decision on the certified questions.

The public interest lies in having a set of court rules that is predictable when it comes to obtaining justice. Washington's Court rules are the purview of the Washington Supreme Court. Washington's statutes are the purview of the Washington Legislature. If Plaintiffs wish to change the laws, they should set about doing it by petitioning these governmental bodies. Therefore, the public interest lies in staying the proceeding until a decision on the certified questions by either the Washington Supreme Court or the Ninth Circuit, since the certified questions will protect the integrity of Washington law as it currently exists.

This Court's holding encourages debtors not to formally appear when they have been sued, so that they can force a creditor to either never sue, or face FDCPA and CPA claims when a creditor follows Washington law in obtaining default judgments. There is a group of Plaintiff's lawyers that would love to exploit entry of every default judgment, and a multitude of persons that have failed in payment obligations that would be all too happy to seek to profit. All a debtor has to do is make a phone call to a random employee of a corporation, then claim

DEFENDANT'S MOTION TO CERTIFY QUESTIONS; AND FOR STAY OF PROCEEDINGS - 11
2:19-cv-00809-JLR-TLF
6559739.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

to have "appeared" in a lawsuit, then sue a creditor under what used to be an equitable doctrine. Courts have recognized that issues may affect the public interest where a determination is one of first impression, and may result in a flood of litigation by many other people who feel disgruntled by the manner in which they have been treated. *See e.g., Lechner v. Nat'l Benefit Fund for Hosp. & Health Care Employees*, 512 F. Supp. 1220, 1222 (S.D. N.Y. 1981). No business that sells products to the community is safe under this Court's ruling, as practically anyone can now be sued for following the Civil Rules. It would be in the public's interest to know whether they can take steps to recover money owed to them, or whether they must fear litigation from those that choose not to appear when they have been sued.

## IV. CONCLUSION

Patenaude requests the Court certify the following questions to either the Washington Supreme Court or the Ninth Circuit: (1) Whether the doctrine of "substantial compliance" has application outside of the context of moving to set aside a default judgment; (2) Whether a party complying with state court rules as written can be sued under the Fair Debt Collection Practice Act or Washington's Consumer Protection Act; and (3) Whether a party needs to either appear in court or provide a written communication with the opposing party before the doctrine of "substantial compliance" can be applied. Patenaude further requests that this Court stay all proceedings while a decision on the certified questions remains pending.

DATED this 9th day of September, 2019.

                LEE SMART, P.S., INC.

                By: /s Marc Rosenberg
                    Marc Rosenberg, WSBA No. 31034
                    Of Attorneys for Defendant

                    701 Pike St. # 1800
                    Seattle, WA 98101-3929
                    (206) 624-7990
                    mr@leesmart.com

DEFENDANT'S MOTION TO CERTIFY QUESTIONS;
AND FOR STAY OF PROCEEDINGS - 12
2:19-cv-00809-JLR-TLF
6559739.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

# CERTIFICATE OF SERVICE

I hereby certify that on the date provided at the signature below, I electronically filed the preceding document with the Clerk of the Court using the CM/ECF system, which may notification of such filing to the following individuals:

> Jason D. Anderson
> Anderson Santiago, PLLC
> 787 Maynard Ave. S.
> Seattle, WA 98104
> (206) 395-2665
> jason@alkc.net

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, to the best of my knowledge.

Dated this 9th day of September, 2019 at Seattle, Washington.

> LEE SMART, P.S., INC.
>
> By: /s Marc Rosenberg
> Marc Rosenberg, WSBA No. 31034
> Of Attorneys for Defendant
> Patenaude & Felix, A.P.C.
>
> 1800 One Convention Place
> 701 Pike St.
> Seattle, WA 98101-3929
> (206) 624-7990
> mr@leesmart.com

DEFENDANT'S MOTION TO CERTIFY QUESTIONS;
AND FOR STAY OF PROCEEDINGS - 13
2:19-cv-00809-JLR-TLF
6559739.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944