1

The Honorable James L. Robart

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

8

LATEIA MITCHELL and TARIK JONES,

9

Plaintiffs,

10

vs.

11

PATENAUDE & FELIX, A.P.C.,

12

Defendant.

NO.  2:19-cv-00809-JLR-TLF

**PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION TO CERTIFY
QUESTIONS TO THE WASHINGTON
SUPREME COURT OR NINTH
CIRCUIT COURT OF APPEALS**

NOTE ON MOTION CALENDAR:

September 27, 2019

13

14

## I.    <u>INTRODUCTION</u>

15

16

17

18

19

20

21

22

23

This straightforward case involves two individuals unlawfully denied their day in court by a debt collector, Defendant Patenaude & Felix, A.P.C. ("P&F"), which resulted in an unjustified default judgment and wage garnishment.  P&F continues to take issue with the denial of its Rule 12(b)(6) motion, which occurred in this Court's Report and Recommendation ("R&R") (dkt. #19) and subsequent Order adopting the R&R (dkt. #22), and P&F now wants yet another Court to make a ruling on the matter.  However, P&F has conflated its own disagreement with this Court's rulings for a basis to certify questions to the Washington Supreme Court or to certify an interlocutory appeal to the Ninth Circuit.  If P&F disagrees with this Court's application of the law, there is no reason it cannot simply appeal at the conclusion of this case.

While there are two somewhat parallel issues in this case – (1) Plaintiffs' "appearance" in the collection lawsuit, and (2) P&F's misrepresentation to Plaintiffs that "no further action was needed" – P&F focuses only on the former issue to the exclusion of the latter.  Both support a finding of liability under the Fair Debt Collection Practices Act ("FDCPA") and Washington Collection Agency Act ("WCAA"), and therefore any certified questions or interlocutory appeals concerning the first issue will not impact the second issue in any way, and thus will not promote resolution of the case as a whole.

There are no unsettled issues of state law present in this case; P&F simply takes issue with this Court's rulings on the issue of whether Plaintiffs may have "appeared" in the collection case. Washington law is clear on whether a written notice of appearance is required (the answer is "no"), and Ninth Circuit authority is clear on whether a perceived violation of state court rules of civil procedure may be an FDCPA violation (the answer is "yes").[1]  P&F seeks yet another bite at the apple in hopes of achieving a different outcome.  Regardless of that outcome, the fact remains that P&F specifically informed Plaintiffs that they did not need to take any action after being served with the collection lawsuit, and then P&F surreptitiously obtained a default judgment behind the Plaintiffs' backs.  This violates the FDCPA and WCAA.

This Court's rulings on P&F's motion to dismiss were correctly decided and do not implicate any unsettled law or need for interlocutory appeal.  The instant motion should be denied.

## II.    FACTS

This Court is familiar with Plaintiffs' allegations – taken as true for purposes of

---

[1] Plaintiffs would note that, while P&F professes a belief that the Complaint presents a novel issue of Washington state law, P&F's litigation approach – removing this case to federal court and then, upon receiving an adverse ruling, moving for certification back to the Washington court system – suggests otherwise.

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO CERTIFY - 2
2:19-CV-00809-JLR-TLF

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

1   Defendant's motion to dismiss and therefore for the instant motion as well – which, in the interest

2   of brevity, need not be repeated in their entirety here.   *See* dkt. #19 at 2-3 (Report and

3   Recommendation).

4          In brief: Plaintiffs Lateia Mitchell and Tarik Jones were sued by Defendant Patenaude &

5   Felix, A.P.C. ("P&F") (a debt-collection law firm) over an alleged consumer debt.  When Plaintiffs

6   were served by P&F, the case had not yet been filed.  Plaintiffs contacted P&F by telephone the

7   day after being served to determine whether they could resolve the matter without further legal

8   action, and discussed possible payment arrangements. Dkt. #2-1 (Complaint) at ¶¶ 7-8.  P&F's

9   representative stated that P&F would respond to Plaintiffs' settlement proposal at a later time, and

10   that <u>no further action was needed</u> at that time.  *Id*. at ¶ 8.  Plaintiffs also called the attorney of

11   record in the collection lawsuit, Matthew Cheung, and left at least three voicemail messages asking

12   for a return phone call about the lawsuit.  *Id*. at ¶¶ 10-11.  Reneging on its promise to Plaintiffs,

13   P&F never contacted Plaintiffs, and instead sought a default judgment without providing any

14   notice. *Id*. at ¶¶ 12-13.  Much to their dismay, Plaintiffs first learned of the judgment when P&F

15   garnished Ms. Mitchell's wages.

16          Throughout this case, P&F maintains that its actions were perfectly justified, and that it is

17   actually *Plaintiffs* who are to blame for relying on P&F's representations.  This, of course, is not

18   the law.

19   ### III.    <u>LAW AND ARGUMENT</u>

20   **A. <u>Legal Standards: Motions to Certify</u>**

21        ***1. <u>Certified questions to the Washington Supreme Court</u>***

22   A question may be certified the Washington Supreme Court to obtain a definitive answer

23   where the question is (1) necessary to dispose of the federal court proceeding, and (2) "not entirely

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO
CERTIFY - 3
2:19-CV-00809-JLR-TLF

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

settled" under Washington law.  *Cornhusker Cas. Ins. Co. v. Kachman*, 514 F.3d 982, 988-89 (9th Cir. 2008); *Keystone Land & Dev. Co. v. Xerox Corp.*, 353 F.3d 1093, 1098 (9th Cir. 2003).

As discussed below, none of P&F's proposed questions are "necessary" to dispose of this proceeding, and in any event, do not present any issues of law which are "not entirely settled." Certification would be inappropriate at this time.

## 2.   _Certification for interlocutory appeal to the Ninth Circuit_

28 U.S.C. § 1292(b) provides that a district judge may certify an order for immediate interlocutory appeal if the judge is "of the opinion" that: (1) the order "involves a controlling question of law"; (2) there is "substantial ground for difference of opinion" as to the resolution of that question; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation[ ]."  A district court must find that all three elements are met before granting leave to appeal an order that is not final.  *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982).  Courts should grant certification under section 1292(b) only in "exceptional circumstances" that "justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment."  *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981); *see also Linehan v. AllianceOne Receivables Mgmt., Inc.*, 2016 WL 9526501, at *2 (W.D. Wash. May 27, 2016) (Coughenour, J.).

As this Court has observed:

> It is well settled that 'the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion.'  Courts traditionally find a substantial ground for difference of opinion where 'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'

*Booth v. Appstack, Inc.*, 2016 WL 3620798, at *4 (W.D. Wash. June 28, 2016) (citing *Couch v. Telescope Inc.*, 611 F.3d 629, 634 (9th Cir. 2010)).  "That settled law might be applied differently

1    does not establish [the] 'substantial ground for difference of opinion' necessary to justify certifying

2    an order for interlocutory appeal."  *Telescope, Inc.*, 611 F.3d at 633–34.

3          As discussed below, P&F has met none of the three statutory factors required for a

4    certification for an interlocutory appeal.

5    **B.  Defendant's Motion To Certify May Be Futile, As Liability Would Attach Regardless**

6    **Of The Outcome Of The Motion**

7          As a threshold matter, even assuming that Defendant was able to certify or appeal the issue

8    of whether Plaintiffs had "appeared" in the collection lawsuit and prevail as well, this case would

9    remain.  Therefore, the appropriate result is to deny Defendant's motion; Defendant may then

10   appeal upon entry of a final judgment.

11         While one of the primary issues in this case may be whether Plaintiffs were required to

12   submit a written notice of appearance, Defendant does not address the other primary issue –

13   namely, P&F represented that it would respond to Plaintiffs and that <u>no further action was needed</u>

14   at that time.  Dkt. #2-1 at ¶ 8.  Thus, even assuming that Washington law somehow required a

15   written notice of appearance (it does not), P&F's assertion would nevertheless be an actionable

16   misrepresentation under the FDCPA.  There is little to be gained from a piecemeal appeal on one

17   of several issues which could yield the same outcome (liability of P&F under the FDCPA).  *See*

18   *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1178 (9th Cir. 2006) (statutory

19   damages are limited to $1,000.00 irrespective of the number of FDCPA violations).

20         In short, P&F could win on all of its supposed issues raised in its motion to certify, and the

21   outcome of this case may very well be unchanged.  It would not be a good use of resources to

22   permit such a piecemeal appeal on the singular issue raised by P&F.

23

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO
CERTIFY - 5
2:19-CV-00809-JLR-TLF

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

C. **The FDCPA Covers Litigation Activity, Including Violations of Court Rules**

It is beyond dispute that the FDCPA covers litigation activity, such as service of a summons and complaint or service of discovery requests. *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1031–32 (9th Cir. 2010), *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 950 (9th Cir. 2011). The crux of P&F's arguments run afoul of this settled law, as P&F employs different wording but fundamentally makes the same assertion – namely, that a violation of Washington's Civil Rules cannot form the basis of an FDCPA claim. That is not the law.

As to its first two questions it seeks to certify, P&F essentially argues that, even if Plaintiffs had "appeared" in the collection action and thus P&F's actions violated Washington's Civil Rule 55 (defaults), any remedy should be limited to using those same Civil Rules, such as a CR 60 motion to vacate the judgment. Dkt. #25. In other words, P&F asserts (with little authority) that it cannot be held liable (the metaphorical "sword," apparently, referring to an FDCPA claim) for failure to follow Washington law and its Civil Rules.

The Ninth Circuit has specifically rejected this argument. In *McCollough*, the debt collector argued that its requests for admission were facially compliant with state court rules of civil procedure related to discovery, and that even if there were a remedy, it would be limited to the remedies available under those same court rules. 637 F.3d at 951. The Ninth Circuit disagreed, stating:

> Congress enacted the FDCPA expressly because prior laws for redressing 'abusive, deceptive, and unfair debt collection practices' were "inadequate to protect consumers.' 15 U.S.C. § 1692(a), (b). The statute preempts state laws 'to the extent that those laws are inconsistent with any provision of [the FDCPA].' 15 U.S.C. § 1692n.

*McCollough*, 637 F.3d at 951. P&F's arguments here are the same as those rejected in *McCollough* – P&F supposedly complied with the Civil Rules as written (while ignoring binding precedent)

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO
CERTIFY - 6
2:19-CV-00809-JLR-TLF

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

1   and that Plaintiffs' remedy should lie solely within the Civil Rules.  These arguments must be

2   rejected as well.

3           Returning to the claims in this case, Plaintiffs had "appeared" in the collection lawsuit as

4   defined by controlling Washington Supreme Court authority.  *See City of Redmond v. Cent. Puget*

5   *Sound Growth Mgmt. Hearings Bd.*, 136 Wn.2d 38, 46 (1998) (Washington Supreme Court is the

6   "final arbiter" of Washington state law interpretation).  Even if Plaintiffs' actions somehow did

7   not constitute an appearance, P&F nevertheless made the false representation to Plaintiffs that "no

8   further action was needed" with respect to the collection lawsuit.  It is settled law that the FDCPA

9   applies to these litigation activities.

10      **D.  P&F Did Not Comply With Washington Court Rules**

11          P&F persistently maintains that it actually did comply with Washington's Court Rules,

12  going so far as to misleadingly split hairs to claim that P&F complied with the court rules "as

13  written," which plainly negates Washington Supreme Court precedent on the issue.  Dkt. #25 at 3-

14  5.  Indeed, the second question P&F seeks to certify presupposes that compliance with rules "as

15  written" is all that is required, even though the Washington Supreme Court has repeatedly

16  explained that it is not.  The court rule at issue here is Washington CR 55, which provides that

17  "[a]ny party who has appeared in the action for any purpose" is entitled to notice of a motion for

18  default, and P&F did not provide Plaintiffs any notice of the motion for default.

19          As this Court observed in its Report and Recommendation, the concept of an "appearance"

20  is "broadly construed" and strict compliance is not required.  Dkt. #19 at 7.  This Court also

21  identified a long list of Washington cases that further explained that an informal appearance also

22  suffices.  *Id.* at 7-9.  Plaintiffs' response brief to P&F's motion to dismiss included additional

23

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO
CERTIFY - 7
2:19-CV-00809-JLR-TLF

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

1   Washington authority as well, all of which stood for the same proposition – Washington follows

2   an exceedingly liberal standard for what constitutes an "appearance." Dkt. #14 at 5-7.

3      To the extent P&F argues that strict compliance[2] with CR 4(a) and RCW 4.28.210 is

4   required (i.e. requiring a written notice of appearance), this is not the law in Washington, and any

5   representations that this law is "unsettled" are incorrect.  *See Servatron, Inc. v. Intelligent Wireless*

6   *Products, Inc.*, 186 Wn. App. 666, 675 (2015) ("A defendant need not strictly follow CR 4(a)(3)

7   or RCW 4.28.210.").

8      The remainder of P&F's brief is predicated on the improper assumptions that it actually

9   did comply with Washington law and that it cannot be held liable for its actions, and simply re-

10  hashes what has already been decided by this Court.  Throughout these arguments, P&F fails to

11  acknowledge that it falsely represented to Plaintiffs that "no further action was needed," which is

12  a wholly independent basis for liability.  In any event, the Ninth Circuit has explained that, to the

13  extent any state law is contradictory, the FDCPA preempts those laws for the purpose of protecting

14  consumers.  *McCollough*, 637 F.3d at 951.

15     Furthermore, claims under the FDCPA are adjudicated by applying the "least sophisticated

16  consumer" standard.  *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011).

17  Thus, the issue for purposes of P&F's liability in this case is whether its actions (failing to give

18  notice of the motion for default **and** falsely representing that "no further action was needed")

19  violated the FDCPA – in other words, whether P&F's actions constituted false, deceptive, or

20  misleading conduct (15 U.S.C. § 1692e) or were otherwise unfair or unconscionable (15 U.S.C. §

21

22

23

---

[2] P&F makes the hypertechnical argument that strict compliance with the statute is all that is required by relying on this language: "Where no one has appeared in a case, **in this way** [citing RCW 4.28.210's language concerning a written notice of appearance], a party may move for default without notice to the defendant." Dkt. #25 at 4 (emphasis added).

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO
CERTIFY - 8
2:19-CV-00809-JLR-TLF

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

1692f).  Plaintiffs would submit that even if Washington had no rules at all concerning obtaining

default judgments, P&F would have still violated the FDCPA by telling Plaintiffs something that

was untrue in its efforts to collect a debt.  In conclusion, P&F's liability under the FDCPA can be

adjudicated by this Court without any need to certify any questions to any other court.

**E.   None Of P&F's Questions Should Be Certified To The Washington Supreme Court**

P&F has failed to establish that its proposed questions are (1) necessary to dispose of this

proceeding, and (2) are "not entirely settled" under Washington law.  As stated above, even absent

any Washington law at all, P&F made a false representation that "no further action was needed"

from Plaintiffs after calling P&F, as P&F then obtained a judgment without notice.  This provides

a separate and independent basis for FDCPA liability and should end the inquiry.

Even if this were not dispositive of P&F's motion, P&F has failed to articulate any question

which is "not entirely settled" under Washington law.   Questions one and two have been

definitively answered by the Ninth Circuit in the affirmative – namely that FDCPA liability exists,

even if state law runs contrary to the FDCPA.  Little else needs to be said on this point.  To the

extent P&F disagrees with this Court's ruling on the Motion to Dismiss, P&F has offered no

meaningful argument as to why an interlocutory appeal would be proper, and P&F still retains its

right to appeal at the conclusion of this case.

P&F's Motion should be denied.

**F.   There Is No Basis For An Interlocutory Appeal**

As discussed above, an order may only be certified for interlocutory appeal where all three

elements have been met: (1) the order "involves a controlling question of law"; (2) there is

"substantial ground for difference of opinion" as to the resolution of that question; and (3) "an

immediate appeal from the order may materially advance the ultimate termination of the

1    litigation[].” 28 U.S.C. § 1292(b); *In re Cement Antitrust Litig.*, 673 F.2d at 1026.  P&F has failed

2    to meet any of these factors.

3         Controlling question of law:  As seen above, P&F’s false statement and/or

4    misrepresentation to Plaintiffs that “no further action was needed” is a separate and independent

5    basis upon which FDCPA liability may be imposed.  Further, P&F is entirely unclear as to its

6    “controlling question of law” and simply recites its three proposed questions to certify to the

7    Washington Supreme Court.  Dkt. #25 at 7.  This is insufficient.

8         Substantial ground for difference of opinion:  As this Court has explained, a disputed issue

9    (even of first impression) is insufficient to demonstrate a substantial ground for difference of

10   opinion, and that a party must typically demonstrate a split of authority among the circuit courts

11   and an absence of authority from the Ninth Circuit.  *Appstack, Inc.*, 2016 WL 3620798 at *4 (citing

12   *Couch v. Telescope Inc.*, 611 F.3d 629).  Here, P&F offers no authority from other Courts of

13   Appeal which would indicate any “substantial ground for difference of opinion,” and no relevant

14   authority from any other courts.  Dkt. #25 at 7-8.  Instead, P&F simply reiterates its disagreement

15   with Washington State law and claims it is a matter of first impression, which would not be an

16   argument directed at an interlocutory appeal to the Ninth Circuit.  Dkt. #25 at 9, lines 5-9.  “That

17   settled law might be applied differently does not establish [the] ‘substantial ground for difference

18   of opinion’ necessary to justify certifying an order for interlocutory appeal.” *Telescope, Inc.*, 611

19   F.3d at 633–34.

20        Material advancement of the litigation:  Aside from generalized grievances with the

21   litigation process generally, P&F offers no meaningful explanation with respect to this element.

22        P&F’s request for certification for interlocutory appeal should be denied.

23

PLAINTIFFS’ RESPONSE TO DEFENDANT’S MOTION TO
CERTIFY - 10
2:19-CV-00809-JLR-TLF

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

1

## IV.   CONCLUSION

2       Plaintiff respectfully requests this Court deny P&F's motion to certify questions to the

3  Washington Supreme Court or to the Ninth Circuit.

4

5      Dated this 23rd day of September, 2019.

6                          **ANDERSON SANTIAGO, PLLC**

7                          By:  /s/ Jason D. Anderson

8                         Jason D. Anderson, WSBA No. 38014
T. Tyler Santiago, WSBA No. 46004

9                         Attorney for Plaintiff
787 Maynard Ave. S.

10                       Seattle, WA 98104
(206) 395-2665
(206) 395-2719 (fax)

11

12

13

14

15

16

17

18

19

20

21

22

23

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO
CERTIFY - 11
2:19-CV-00809-JLR-TLF

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665 / F (206) 395-2719

1

### **Certificate of Service**

2      I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the

3   Court using the CM/ECF system which will send notification of such filing to the following:

4

5   Marc Rosenberg
    Lee Smart, P.S.
    1800 Convention Place
6   701 Pike Street
    Seattle, WA 98101
7   *Attorneys for Defendant*

8

9                                    /s/ Jason D. Anderson
10                                   Jason D. Anderson

11

12

13

14

15

16

17

18

19

20

21

22

23

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719