1
2
3
4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5
6

LATEIA MITCHELL, et al

7                                    Plaintiffs,

8        v.

PATENAUDE & FELIX APC,

9

                                     Defendant.

10

Case No. C19-809 JLR-TLF

REPORT AND
RECOMMENDATION

Noted for November 8, 2019

11        This matter comes before the Court on defendant's motion to certify questions to the

12    Washington Supreme Court or the Ninth Circuit Court of Appeals and stay this case pending

13    decision. Dkt. 25. Plaintiffs have opposed the motion (Dkt. 27) and defendant has filed a reply.

14    Dkt. 28. The matter has been referred to Magistrate Judge Theresa Fricke pursuant to 28 U.S.

15    §636(b)(1)(B); Local Rule MJR 3 and 4.

16        For the reasons set forth below, the undersigned recommends that the Court DENY

17    defendant's motion.

18                                    I.        FACTS

19        This case arises from a default judgment taken by defendant against plaintiffs in a state

20    court debt collection action. Dkt. 1-1. Plaintiffs brought this litigation alleging that defendant's

21    conduct in obtaining default judgment violated the Fair Debt Collection Practices Act

22    ("FDCPA"), the Washington Consumer Protection Act ("CPA") and the Washington Collection

23    Agency Act ("CAA"). *Id.*

24
25

1    Plaintiffs allege that after being served with a debt collection lawsuit, they contacted

2    defendant to attempt to resolve the debt without further litigation. *Id*. at ¶ 5-8. Plaintiffs also

3    allege that when they contacted defendant they spoke with an individual named Jose and

4    proposed a monthly payment plan. *Id*. at ¶ 8. Plaintiffs' complaint next alleges that Jose informed

5    plaintiffs that defendant would respond to plaintiffs' offer and no further action was needed at

6    that time. *Id*. Jose also allegedly directed plaintiffs to speak with defendant's attorney, Matthew

7    Cheung, to discuss the purportedly "grossly inflated balance" defendant was attempting to

8    collect. *Id*. at ¶ 9. Plaintiffs allege that after speaking with Jose they called Mr. Cheung three

9    times and left voicemail messages. *Id*. at ¶ 10-11. Plaintiffs further allege that Mr. Cheung did

10    not return their calls. *Id*. at ¶ 12.

11    On July 10, 2018 defendant filed a motion for default judgment without serving written

12    notice on plaintiffs. Dkt. 1 at ¶13-14; Dkt. 12-2 Ex. 3; Dkt. 25 at 2. The Order of Default and

13    Default Judgment were entered on July 11, 2018. Dkt. 12-4 Ex. 4. After discovering that their

14    wages had been garnished because of the collection lawsuit, plaintiffs commenced this litigation.

15    Dkt. 1-1. Defendant filed a motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6). Dkt. 11.

16    Plaintiffs opposed the motion (Dkt. 14) and defendant filed a reply. Dkt. 17.

17    On July 15, 2019 a Report and Recommendation was filed recommending that the Court

18    grant in part and deny in part defendant's motion to dismiss. Dkt. 19. Defendant filed an

19    objection to the Report and Recommendation (Dkt. 20) and plaintiffs filed a response to

20    defendant's objection. Dkt. 21. On August 27, 2019, the Court adopted the undersigned's Report

21    and Recommendation. Dkt. 22. Defendant now asks the Court to stay the present litigation and

22    certify the following questions to either the Washington Supreme Court or the Ninth Circuit

23    Court of Appeals:

24

25

(1) Whether the doctrine of "substantial compliance" has application outside of the context of moving to set aside a default judgment.

(2) Whether a party complying with state court rules as written can be sued under the Fair Debt Collection Practice Act or Washington's Consumer Protection Act.

(3) Whether a party needs to either appear in court or provide a written communication with opposing party before the doctrine of "substantial compliance" can be applied.

Dkt 25.

## II.    DISCUSSION

### A.    Certification to the Washington Supreme Court is Unwarranted; Defendant Fails to Establish Lack of Clarity Concerning State Law.

The Revised Code of Washington (RCW) provides the standard for certifying a question to the Washington Supreme Court:

> When in the opinion of any federal court before whom a proceeding is pending, it is necessary to ascertain the local law of this state in order to dispose of such proceeding and the local law has not been clearly determined, such federal court may certify to the supreme court for answer the question of local law involved and the supreme court shall render its opinion in answer thereto.

RCW § 2.60.020. The decision whether to certify a question to the Washington Supreme Court rests in the discretion of the federal court considering certification. *Micomonaco v. Washington*, 45 F.3d 316, 322 (9th Cir. 1995). Even when state law is unclear, the Court is not obligated to use the certification process. *Riordan v. State Farm Mut. Auto. Ins. Co.*, 589 F.3d 999, 1009 (9th Cir. 2009).

(1) Defendant's first question should not be certified to the Washington Supreme Court.

First, defendant argues that the Court should certify the question of "whether the doctrine of 'substantial compliance' can be extended outside of the context of moving to set aside a

1  default judgment." Dkt. 25. Defendant argues that the doctrine of substantial compliance cannot

2  be used as a "sword" to impose civil liability, only as a "shield" to set aside default judgment. *Id.*

3        Defendant mis-apprehends the issue. Liability in this action would not *arise* from the

4  doctrine of substantial compliance. Instead, liability would be based on alleged litigation conduct

5  in violation of the FDCPA and/or the WCPA. The United States Supreme Court and the Ninth

6  Circuit have held that litigation conduct can constitute FDCPA violations. *Heintz v. Jenkins*, 514

7  U.S. 291, 294, 299 (1995); *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939,

8  951-52 (9th Cir. 2011). The Washington Court of Appeals has similarly held that violations of

9  state court rules can constitute the basis of a WCPA claim. *Cruson v. A.A.A., Inc.*, 140 Wn.App.

10 1012 (2007) (published in full-text format at 2007 Wash.App.LEXIS 2475).

11       In order to determine whether defendant's alleged conduct amounts to a FDCPA or

12 WCPA violation, the Court would need to determine whether defendant violated a state court

13 rule. Plaintiffs allege that they informally appeared in the debt collection action and were

14 therefore entitled to notice pursuant to CR 55(a)(3). Plaintiffs further allege that defendant

15 violated CR 55(a)(3) by failing to give proper notice of the motion for default. To prove their

16 claims, plaintiffs would need to show that they informally appeared in the underlying litigation.

17       Defendant argues that substantial compliance is a doctrine that applies when a party

18 seeks to vacate a default judgment. Notably, in this litigation, plaintiffs need to make the same

19 showing as a party seeking to vacate a default for violation of CR 55(a)(3) – i.e., the party that

20 sought default judgment failed to properly serve notice in compliance with CR 55(a)(3). Because

21 the necessary showing and statutory basis in this case and in a motion to vacate default are

22 identical, the same standards should be applied when analyzing compliance with CR 55(a)(3).

23

24

25

As was discussed in the previous Report and Recommendation (Dkt. 19), the Washington courts apply the substantial compliance doctrine when determining whether a party sufficiently appeared to warrant notice of motion for default pursuant to CR 55(a)(3). Therefore, the substantial compliance doctrine is instructive in determining whether defendant complied with CR 55(a)(3). But it is not an issue of law that needs to be resolved, or an independent basis for liability.

Because the federal court does not require additional clarification from the Washington Supreme Court on a pure issue of law as to the defendant's first proposed question, the undersigned recommends that the Court refuse to certify this question to the Washington Supreme Court.

(2) Defendant's second question should not be certified to the Washington Supreme Court.

Next, defendant asks the Court to certify the question, "whether a party complying with state court rules as written can be sued under the [FDCPA] or [WCPA]." Dkt. 25.

First, it is important to clarify that plaintiffs allege defendant is liable under the FDCPA and the WCPA for failing to comply with state court rules. As has been discussed, the United States Supreme Court and the Ninth Circuit have held that litigation conduct can constitute an FDCPA violation and the Washington Court of Appeals has held that violating state court rules can be the basis of a WCPA claim. *See, Heintz*, 514 U.S. at 294, 299 (FDCPA); *McCollough*, 637 f.3d at 951-52 (FDCPA); *Cruson*, 2007 Wash. App. LEXIS 2475 at * (reported at *Cruson*, 140 Wn.App. 1012) (WCPA). Accordingly, if plaintiffs can show that defendant violated state court rules during the debt collection litigation, this conduct can be the basis for FDCPA and

WCPA claims.[1] Because there is no lack of clarity concerning state law on this question, the undersigned recommends that the Court decline defendant's invitation to certify this question to the Washington Supreme Court.

(3) Defendant's third question should not be certified to the Washington Supreme Court.

The final question that defendant asks the Court to certify is, "whether a party needs to either appear in court or provide a written communication with opposing party before the doctrine of 'substantial compliance' can be applied." Dkt. 25. The Washington Supreme Court has confirmed that the courts "have not exalted form over substance" in determining whether a party has informally appeared in a case. *Morin v. Burris*, 160 Wn.2d 745, 755 (2007). Instead, the courts look to whether the defendant's conduct was designed to and did in fact, appraise plaintiff of the defendant's intent to litigate. *Id*.

Additionally, the Washington Court of Appeals has held that a phone call can constitute an informal appearance when the phone call is made after the suit has commenced and shows an intent to defend the case. *Sacotte Constr., Inc. v. Nat'l Fire & Marine Ins. Co.*, 143 Wn. App. 410, 416 (2008). Therefore, if plaintiffs can prove that the content of their communications with defendant acknowledged the debt collection action and manifested an intent to defend the case, the phone calls would be sufficient (under Washington legal standards) to support a determination by a trier of fact that there was an informal appearance.

Because this is not an unclear area of state law but is a question of how state law would be applied by the trier of fact to a specific set of facts, the undersigned recommends that the Court deny defendant's request to certify this question to the Washington Supreme Court.

---

[1] To the extent that defendant is arguing that defendant has complied with court rules and/or that plaintiffs did not meet the substantial compliance standard, these arguments are premature at this early stage of litigation. Further, these issues cannot be certified because they deal with the application of state law to case specific facts, not the determination of an issue of law under Washington legal standards.

1    (4) Policy reasons suggest that the Court should not certify any of these questions to the

2    Washington Supreme Court.

3        Additionally, some courts have been reluctant to allow a party that has removed litigation

4    to federal court to seek certification to a state court after receiving an adverse ruling in federal

5    court. *Tersigni v. Wyeth*, 817 F.3d 364, 369 n. 6 (1st Cir. 2016); *National Bank of Washington v.*

6    *Pearson*, 863 F.2d 322, 327 (4th Cir. 1988); see also, *Z.D. v. Group Health Coop.*, No. 11-1119

7    RSL, 2012 WL 5033422 at *2-3 (W.D. Wash., Dec. 19, 2011) ("Notably, however, courts look

8    with disfavor upon requests [to certify] that come only after a federal court has ruled against the

9    movant."); *Kirkpatrick v. Ironwood Communs., Inc.*, No. 05-1428 JLR, 2006 WL 8454762 at *

10   15-16 (W.D. Wash., Nov. 1, 2006) ("Plaintiffs correctly note that [defendant] chose to remove

11   this action to federal court. If the court were to certify its question of state law, [defendant]

12   would have its proverbial cake and eat it too. Under these circumstances, the court will hold

13   [defendant] to its choice of forum.").

14       The Ninth Circuit has also acknowledged "a presumption against certifying questions to a

15   state supreme court after the federal district court has issued a decision." *Alliance v. City of*

16   *Idaho Falls*, 742 F.3d 1100, 1108 (9th Cir. 2013). The rationale behind both policies is identical,

17   a party should not be allowed a second chance at victory by seeking certification only after

18   receiving an adverse decision in federal court. *Id.*

19       For the foregoing reasons, the undersigned recommends that the Court DENY

20   defendant's motion to certify questions to the Washington Supreme Court.

21       B.   Certification to the United States Court of Appeals for the Ninth Circuit is

22            Unwarranted; Defendant Fails to Show a Substantial Ground for Difference of

23            Opinion on These Issues.

24

25

REPORT AND RECOMMENDATION - 7

1    According to 28 U.S.C. § 1291, "federal courts of appeals are empowered to review only

2    'final decisions of the district courts.'" *Microsoft Corp. v. Baker*, 137 S. Ct. 1702, 1707 (2017)

3    (quoting 28 U.S.C. § 1291). Section 1292 authorizes district courts to certify an interlocutory

4    order when it "involves a controlling question of law as to which there is substantial ground for

5    difference of opinion and […] an immediate appeal from the order may materially advance the

6    ultimate termination of the litigation." *Id*. at 1708. The party seeking an interlocutory appeal

7    bears the burden of showing that the statutory requirements have been met. *Couch v. Telescope,*

8    *Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). Further, the legislative history of Section 1292 indicates

9    that it was intended to be used only in exceptional situations in which an interlocutory appeal

10    would avoid protracted and expensive litigation. *In re Cement Antitrust Litigation*, 673 F.2d

11    1020, 1026 (9th Cir. 1982).

12    Here, defendant fails to establish that there is a substantial ground for difference of

13    opinion on these issues. When a novel legal issue is presented, on which fair minded jurist may

14    disagree, the issue may be certified for interlocutory appeal. *Reese v. BP Exploration (Alaska)*

15    *Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) (*citing Couch* 611 F.3d at 633). The district court need

16    not first wait for the development of contradictory precedent. *Id*.

17    However, the certification of an uncontradicted novel issue is permissible, not mandatory.

18    *Id., Couch*, 611 F.3d 629. The fact that a party strongly disagrees with the Court's ruling or a

19    party believes that settled law might be applied differently, is insufficient to establish a

20    substantial ground for difference of opinion. *Couch*, 611 F.3d at 633. Similarly, the mere fact

21    that there is a disputed issue of first impression, does not necessarily demonstrate a substantial

22    ground for difference of opinion. *Id*. at 634.

23

24

25

1    Regarding the first question for certification, defendant argues that the opinion in *Keys v.*

2  *701 Mariposa Project, LLC (In re 701 Mariposa Project, LLC)*, 514 B.R. 10 (B.A.P. 9th Cir.

3  2014), demonstrates a substantial ground for disagreement. Dkt. 25. Defendant points to a

4  portion of the opinion in *In re 701 Mariposa Project*, where the Bankruptcy Appellate Panel

5  stated that its research had found no case where the courts "permitted plaintiffs to use the

6  doctrine as a sword against defaulting defendants who seek to set aside a default judgment." *Id*.

7  at 18.

8    Yet the Court in *In re 701 Mariposa Project* did not hold that substantial compliance

9  doctrine could not be applied in this manner. *Id*. at 18-19. Actually, the Ninth Circuit

10  Bankruptcy Appellate Panel applied the substantial compliance doctrine, reversing the district

11  court because plaintiff had failed to meet the elements of substantial compliance. *Id*. The District

12  Court's order on the motion to dismiss in the instant case is therefore consistent with *In re 701*

13  *Mariposa Project*.

14    Defendant also cites to the case *B-Real, LLC v. Chaussee (In re Chaussee)*, 399 B.R. 225

15  (B.A.P. 9th Cir. 2008) as demonstrating a substantial ground for disagreement. Dkt. 25. The

16  Ninth Circuit Bankruptcy Appellate Panel in *In re Chaussee* affirmed the district court's

17  dismissal of plaintiff's claims because the Bankruptcy Code precluded plaintiff's state consumer

18  protection act claims and FDCPA claims. 399 B.R. at 234, 241. In this litigation, defendant has

19  not argued that the Bankruptcy Code, or any statute, precludes plaintiff's claims. Accordingly, *In*

20  *re Chaussee* is inapplicable.

21    The cases defendant has cited do not establish a substantial ground for difference of

22  opinion on the first issue that defendant seeks to certify to the Ninth Circuit Court of Appeals.

23  Although defendant might strongly disagree with the Court's prior ruling, this alone is

24

25

1    insufficient to meet defendant's burden. Accordingly, the undersigned recommends that the

2    Court refuse to certify defendant's first question to the Ninth Circuit Court of Appeals.

3          Defendant cited three cases in support of their request that the Court certify the second

4    question for interlocutory appeal to the Ninth Circuit Court of Appeals. Dkt. 25. None of these

5    cases are binding on the Court and each stand for the proposition that complying with state laws

6    or rules cannot be the basis of an FDCPA claim. *Id*. None of the cases are contrary to the

7    undersigned's Report and Recommendation (Dkt. 19) or the Order Adopting the Report and

8    Recommendation (Dkt. 22). Plaintiffs' FDCPA claims based on state court rules allege that

9    defendant *violated* the state court rules during the underlying debt collection litigation.

10   Therefore, in order for plaintiffs to prevail, plaintiffs would have the burden of demonstrating

11   that defendant violated state court rules. If plaintiffs are unable to meet this burden, their claims

12   would fail. Accordingly, the cases stating that FDCPA claims fail where a party complied with

13   state court rules are consistent with the undersigned's Report and Recommendation and the

14   Court's Order Adopting the Report and Recommendation.

15         For these reasons, the undersigned recommends that the Court hold that defendant has

16   failed to show that a substantial ground for difference of opinion exists on the second question.

17         Finally, defendant cites no cases and provides no argument supporting their position that

18   a substantial ground for disagreement exists on their third proposed question. Accordingly,

19   defendant has not met its burden on this element.

20         Defendant's arguments concerning grounds for difference of opinion are insufficient on

21   each of the questions defendant asks the Court to certify to the Ninth Circuit. Accordingly, by

22   failing to meet a necessary jurisdictional element, defendant has failed its burden in seeking an

23   interlocutory appeal to the Ninth Circuit Court of Appeals and the Court need not consider the

24

25

REPORT AND RECOMMENDATION - 10

remaining elements. The undersigned recommends that the Court DENY defendant's motion to certify questions to the Ninth Circuit Court of Appeals.

### C.  Stay of Proceedings

Defendant requests that the Court stay proceedings pending the determination of the questions defendant seeks to certify. Because the undersigned recommends that the Court deny defendant's motion to certify, the motion to stay proceedings would be moot. Accordingly, the undersigned recommends that the Court DENY defendant's motion to stay proceedings.

### III.    CONCLUSION

Based on the foregoing, the undersigned recommends that the Court DENY defendant's motion.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 6; FRCP 72(b)(2). Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). If objections are filed, the parties shall have **fourteen (14) days** from the service of the objections to file a response. FRCP 72(b)(2). Accommodating this time limitation, this matter shall be set for consideration on **November 8, 2019**, as noted in the caption.

Dated this 10th day of October, 2019.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 11