1

2

3                                                            Hon. James L. Robart

4

5

6                    UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF WASHINGTON AT SEATTLE
7

8  LATEIA MITCHELL and TARIK JONES,        No. 2:19-cv-00809-JLR-TLF

        Plaintiffs,                        DEFENDANT'S OBJECTION TO
9                                          MAGISTRATE'S REPORT AND
        vs.                                RECOMMENDATION
10
   PATENAUDE & FELIX, A.P.C.,              NOTED FOR HEARING:
11                                         NOVEMBER 8, 2019
        Defendant.
12

13                          **I.  INTRODUCTION**

14        Pursuant to Fed. R. Civ. P. 72(a) and LCR 72(a), defendant Patenaude & Felix, A.P.C.

15  (Patenaude") objects to the Magistrate's Report and Recommendations ("R&R"), filed

16  October 10, 2019, (Dkt 29), and requests that this Court certify the following three questions to

17  the Ninth Circuit Court of Appeals.[1]

18        (1) Whether the doctrine of substantial compliance (the "Doctrine") has application

19  outside of the context of moving to set aside a default judgment.

20        (2) Whether the FDCPA or CPA creates liability where a party has followed CR 55 and

21  RCW 4.28.210 as they are written in obtaining a default judgment.

22        (3) Whether a party needs to either appear in court or provide a written communication

23  with the opposing party before the Doctrine can be applied.

24  _____

25        [1] While Patenaude initially asked for certification to either the Washington Supreme Court or Ninth Circuit
   Court of Appeals, Patenaude limits its objections and here only seeks certification of the questions to the Ninth
   Circuit.  Although Patenaude is limiting these objections, it preserves all issues for appeal.

**LEE · SMART**
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1

2

Patenaude also requests that, pursuant to Fed.R.Civ.P. 62, relevant legal authority, and the Court's inherent authority, this Court stay proceedings pending any decision.

3

## II.  RELEVANT UNDISPUTED FACTS

4

5

**A.    Default judgment was entered against Mitchell/Jones who, it is undisputed, never formally appeared in the underlying lawsuit.**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

The relevant facts pertaining to the underlying case were not in dispute for purposes of Defendant's Rule 12(b)(6) motion to dismiss, and are not in dispute here. Patenaude served Lateia Mitchell and Tarik Jones ("Mitchell/Jones") with a summons and complaint. (Dkt 2-1 at ¶ 5); (Dkt 12-1, Exs. 1-2).  Mitchell/Jones made a phone call and talked to an employee named "Jose" at the Patenaude company; saying they wanted to arrange to make payment. (Dkt 2-1 at ¶ 8).   When Mitchell/Jones inquired about the amount of the debt, they were directed to contact Patenaude's attorney. (*Id*. at ¶ 9).  Mitchell/Jones allege that they left three voicemails for the attorney over several months, but never spoke to the attorney. (*Id*. at ¶ 10). Mitchell/Jones did not indicate an intent to litigate the matter in any call.  Mitchell/Jones did not memorialize this call with a writing, nor did they present any writing of any kind to the Court or to Patenaude indicating an intent to litigate.  Over ensuing months, Mitchell/Jones did not provide a written Notice of Appearance, nor did they answer, demur, or make any application for an order.  (Dkt 12-2, Ex. 3 at 2).   Patenaude moved for default judgment and, pursuant to CR 55, (*id*.), did not serve the motion on Mitchell/Jones, who had not formally appeared in the matter.  A default judgment was entered.  (Dkt 12-4, Ex. 4).  Mitchell/Jones did not move to vacate the default judgment using the Doctrine together with a CR 60 motion. (Dkt 12-4, Ex. 5).  Rather, they brought this lawsuit against Patenaude.

23

24

**B.    This Court denied Patenaude's motion to dismiss, and the Magistrate has recommended declining to certify questions to the Ninth Circuit.**

25

Patenaude moved to dismiss this federal lawsuit on the grounds that Mitchell/Jones did not formally appear as defined in CR 55 and RCW 4.28.210, and therefore it was not necessary

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

to serve them with a motion for default judgment.  (Dkt 11).  This Court denied Pateanude's Rule 12(b)(6) motion to dismiss, (Dkt 19. 22), essentially holding that the Doctrine could be applied outside of the equitable context of seeking to set aside default judgments under CR 60, and that a party that does not formally appear, as defined in CR 55 and RCW 4.28.210, can use the Doctrine (an equitable doctrine intended to have cases heard on the merits), as a sword to sue parties that had followed the actual language of the rule and statute.

No court, state or federal, has ever permitted the Doctrine to be used other than to set aside default judgments.  Therefore, Patenaude moved to certify several questions to the Ninth Circuit Court of Appeals, (Dkt 25, 28).  As discussed below, the Magistrate denied the motion to certify solely on the issue of whether a "substantial difference of opinion" can been shown as to these questions of first impression.  (Dkt 29 at 7-10).  The Magistrate tacitly acknowledges that the questions do present controlling questions of law and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

### III.  POINTS AND AUTHORITIES

### C.    This Court should certify the requested questions to the Ninth Circuit.

A non-final order may be certified for interlocutory appeal where it "involves a controlling question of law as to which there is substantial ground for difference of opinion" and where "an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b); *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 687-88 (9th Cir. 2011).

### 1.    There is a controlling question of law.

"[A]ll that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court."  *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981), *aff'd sub nom. Arizona v. Ash*

DEFENDANT'S OBJECTION TO MAGISTRATE'S
REPORT AND RECOMMENDATION - 3
2:19-cv-00809-JLR-TLF
6582772.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1

2    *Grove Cement Co.*, 459 U.S. 1190, 103 S. Ct. 1173, 75 L. Ed. 2d 425 (1983).  A question is

3    "controlling" if resolution of the "issue on appeal could materially affect the outcome of

4    litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026

5    (9th Cir.1981).  If the Ninth Circuit rules that the Doctrine applies only when seeking to set

6    aside a default judgment, and may not be used to seek damages, the majority of this case

7    disappears, and the outcome of this case would be affected.  "[N]either § 1292(b)'s literal text

8    nor controlling precedent requires that the interlocutory appeal have a final, dispositive effect

9    on the litigation, only that it 'may materially advance' the litigation." *Reese v. BP Expl.*

10   *(Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011).  It therefore does not matter if an issue may

11   remain.  All that matters is whether there is a controlling issue of law.

12           The "question of law" of § 1292(b) has also been held to require "an abstract legal

13   issue" that the Court of Appeals can "decide quickly and cleanly without having to study the

14   record." *Mansfield v. Pfaff*, No. C14-0948-JLR, 2015 WL 3796326, at *7 (W.D. Wash. June

15   17, 2015) (citing cases).  That test is met here.  Whether the Doctrine applies outside of setting

16   aside default judgments, and/or whether a party needs to provide a writing to a corporate party

17   against whom the doctrine is asserted, are pure questions of law that can be decided quickly

18   and without having to study the record.

19           In denying certification, the Magistrate did not address the "controlling question of law"

20   factor.  It may be presumed then that the Magistrate recognized that there is a controlling

21   question of law stated in the questions submitted.

22                    **2.       There is substantial ground for difference of opinions.**

23           The "substantial ground for difference of opinion" element is met where different

24   judges might come to different conclusions.  *Reese*, 643 F.3d 681, 688 (9th Cir. 2011) ("as we

25   see it, 'this appeal involves an issue over which reasonable judges might differ' and such

     'uncertainty provides a credible basis for a difference of opinion' on the issue").

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1

2       The Magistrate cites *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010), which

3   was decided a year before the more lenient standard in *Reese*.  Under *Couch*, the district court

4   need never certify any question of first impression.  However, the Ninth Circuit softened its

5   stance on certification a year later.  Immediately after citing *Couch*, the Ninth Circuit held:

6           Our interlocutory appellate jurisdiction does not turn on a prior court's having
            reached a conclusion adverse to that from which appellants seek relief.
7           A substantial ground for difference of opinion exists where reasonable jurists
            might disagree on an issue's resolution, not merely where they have already
8           disagreed. Stated another way, ***when novel legal issues are presented, on which
            fair-minded jurists might reach contradictory conclusions, a novel issue may
9           be certified*** for interlocutory appeal without first awaiting development of
            contradictory precedent.

10  *Reese*, 643 F.3d at 688 (emphasis added).

11      The fact that *Reese* came swiftly on the heels of *Couch*, and that the case standards

12  seem almost contradictory, suggests that the Ninth Circuit intended to lower the bar for

13  certification, and to make the grounds for certification more accessible.  As such, the most

14  recent guidance from the Ninth Circuit is that the "substantial ground for difference of

15  opinions" factor does not require a showing of actual disagreement, only substantial ground for

16  a difference of opinion.  There is substantial ground for disagreement, as discussed below.

17              **a.    Washington's court rules and statutes expressly require
                        written notice of appearance or no notice is required.**

18      The Washington Legislature has provided:

19
        A defendant appears in an action when he or she answers, demurs, makes any
20      application for an order therein, or gives the plaintiff **written notice** of his or her
        appearance. After appearance a defendant is entitled to notice of all subsequent
21      proceedings; but **when a defendant has not appeared, service of notice or
        papers in the ordinary proceedings in an action need not be made upon him
22      or her** … .

23  RCW 4.28.210 (emphasis added).

24      CR 4(a)(3) states that a "notice of appearance" shall "be in writing, shall be signed by

25  the defendant or his attorney, and shall be served upon the person whose name is signed on the

DEFENDANT'S OBJECTION TO MAGISTRATE'S
REPORT AND RECOMMENDATION - 5
2:19-cv-00809-JLR-TLF
6582772.doc

**LEE·SMART**
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

summons." Washington CR 55(a)(3). Where someone does not appear in this way, a party may move for default without notice. CR 55(a)(3) ("[a]ny party who has not appeared before the motion for default and supporting affidavit are filed is not entitled to a notice of the motion, except as provided in rule 55(f)(2)(A)"). It is undisputed that Mitchell/Jones did not comply with CR 4(a)(3) or RCW 4.28.210. However, Patenaude did follow the rules as written.

### b. Use of the Doctrine here is contrary to its equitable purpose.

The equitable Doctrine was created so that default judgments could be liberally set aside for cases to be heard on the merits. Washington's Supreme Court held:

> This court has long favored resolution of cases on their merits over default judgments. Thus, **we will liberally set aside default judgments pursuant to CR 55(c) and CR 60 and for equitable reasons** in the interests of fairness and justice. Similarly, if default judgment is rendered against a party who was entitled to, but did not receive, notice, the judgment will be set aside. **We have also held that the Doctrine applies to the notice requirement of CR 4 when enforcing or setting aside judgments under CR 55 and CR 60.** Substantial compliance with the appearance requirement may be satisfied informally.

*Morin v. Burris*, 160 Wn.2d 745, 749, 161 P.3d 956, 958 (2007) (emphasis added). *See also Morin*, 160 Wn.2d at 757, 161 P.3d at 962 ("[w]e believe that our existing approach of liberal application of rules permitting equity, vacation of default judgments, and application of substantial compliance adequately promote justice").

As such, Mitchell/Jones could use the Doctrine and a CR 60 motion to try and have the judgment vacated. They have not done so and the judgment must be presumed valid. *Haller v. Wallis*, 89 Wn.2d 539, 549, 573 P.2d 1302, 1308 (1978); *Spahi v. Hughes-Nw., Inc.*, 107 Wn. App. 763, 769, 27 P.3d 1233, 1235 (2001); 28 U.S.C. § 1738.

Patenaude has repeatedly argued that no court, state or federal, has ever applied the Doctrine outside of the context of a motion to set aside default judgments under CR 60. Neither this Court nor Mitchell/Jones has presented any case in which the Doctrine was used outside of the context of setting aside default judgments. Certainly, there is no case in which a

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1

2   party with a default entered against them, and who has never moved to set aside the judgment,

3   has sued another party claiming liability based on the Doctrine.  This use of the Doctrine is

4   unprecedented, and dangerous, for reasons previously stated.  At the very least, the equitable

5   development of the rule is at odds with its use here, and there is a great likelihood that judges

6   will disagree on whether a party that has failed to follow CR 55 and RCW 4.28.210 as they are

   written can seek liability based on their own failure to formally appear.

7

8                 **c.**    **Several substantial grounds for disagreement among judges as to the questions presented.**

9       Based on the prior legal authority, there are a number of ways that reasonable judges

10   could decide the instant motion.  The following are some examples to highlight the point.

11       1.    It is likely that some judges would hold that the Washington Legislature would

12   have to amend RCW 4.28.210 or the Washington Supreme Court must amend CR 4(a)(3) for

13   the Doctrine to apply here.  The Washington Legislature and Supreme Court have both clearly

14   stated that formal appearances must be written.  RCW 4.28.210; CR 4(a)(3).  They could easily

15   change the statutes and rules if it is what they desired to do.  Reasonable judges might hold that

16   the Legislature or Washington Supreme Court would have to provide for informal appearance

17   or substantial compliance in RCW 4.28.210 or CR 4(a)(3) in order for there to be any violation

18   by Patenaude for failure to provide notice of a motion for default under the facts of this case.

19   *See e.g., 1000 Friends of Washington v. McFarland*, 159 Wn.2d 165, 182, 149 P.3d 616, 625

20   (2006), as amended (Jan. 8, 2007) (any change to procedures governing public participation in

21   RCW 36.70A.020(11) had to come from the legislature); *Philippides v. Bernard*, 151 Wn.2d

22   376, 390, 88 P.3d 939, 946 (2004) (change plaintiffs sought regarding beneficiaries in the

23   wrongful death statute, RCW 4.24.010, had to come from the Legislature rather than the court);

24   *Mut. of Enumclaw Ins. Co. v. Wiscomb*, 95 Wn.2d 373, 378, 622 P.2d 1234 (1980) (change to

25   security deposit requirement in RCW 46.29.060 had to come from the Legislature).

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

2.     It is likely some reasonable judges could conclude simply that the Doctrine is an equitable doctrine designed to promote trials on the merits, has never been used in this way before, and is not a vehicle to be used to sue other people when a party fails to formally appear.

3.     Other judges could agree with this Court that the Doctrine can potentially be used as a sword to sue other people, and not just as a shield to set aside default judgments and have cases tried on the merits.

There are undoubtedly other grounds where various judges would likely fall.  There is a great likelihood that judges will disagree on whether a judicially created doctrine designed as an equitable doctrine to help cases get tried on the merits can be used as grounds for liability against a party that followed CR 55 and RCW 4.28.210 as they are written.  The best thing for this Court to do as to the three questions of first impression offered by Patenaude is to certify the questions to the Ninth Circuit.  There really is not any strong reason not to do so and, because the import of this ruling is so significant, it will ultimately have to be appealed. Therefore, it may as well be done now, before the parties have expended a great deal on potentially unnecessary discovery and litigation.

### d.     Distinguishing cases does not show lack of disagreement.

The questions presented here are issues of first impression, so there is no on-point case law.  Patenaude attempted to present some case law, but the Magistrate was able to distinguish these cases, which is not surprising, because the issues here are issues of first impression. Other than distinguishing these few cases, the Magistrate has done little to show that there is no "substantial ground for difference of opinions."  Indeed, the weight of the questions, the fact that they are questions of controlling law that will materially advise the ultimate determination of the litigation, together with the fact that they are important issues of first impression reflect that the questions are fine candidates for certification.

DEFENDANT'S OBJECTION TO MAGISTRATE'S
REPORT AND RECOMMENDATION - 8
2:19-cv-00809-JLR-TLF
6582772.doc

LEE · SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1    **e.    Response to certain erroneous statements by the Magistrate.**

2    In addressing certification to the Washington Supreme Court, the Magistrate made

3    statements which this Court may or may not find need to be addressed, since only certification

4    to the Ninth Circuit is at issue here.  In an abundance of caution, Patenaude will address these

5    issues, to the extent they may relate to the request to certify questions to the Ninth Circuit.

6    In regard to Patenaude's first proposed question, the Magistrate stated: "Liability in this

7    action would not arise from [the Doctrine]. Instead, liability would be based on alleged

8    litigation conduct in violation of the FDCPA and/or the WCPA." (Dkt 29 at 4).  But the only

9    "litigation conduct" at issue here is whether Patenaude was required to provide Mitchell/Jones

10   notice of the motion for default, and the only basis for alleged liability is that they were entitled

11   to notice under the Doctrine.  So liability would, in fact, arise only from the Doctrine, in a way

12   in which the Doctrine has never been used before.

13   In regard to the second question, the Magistrate stated: "if plaintiffs can show that

14   defendant violated state court rules during the debt collection litigation, this conduct can be the

15   basis for FDCPA and WCPA claims."  (Dkt 29 at 5-6).  But again, the question here is whether

16   it was sufficient to follow CR 55 and RCW 4.28.210 as they are written in obtaining a default

17   judgment.  If so, there is no liability.  But for liability to arise, this Court would have to permit

18   the Doctrine to be used as a sword to prosecute claims, something never permitted before.

19   In regard to the third question, the Magistrate cited *Sacotte Const., Inc. v. Nat'l Fire &*

20   *Marine Ins. Co.*, 143 Wn. App. 410, 177 P.3d 1147 (2008), for the proposition that "a phone

21   call can constitute an informal appearance when the phone call is made after the suit has

22   commenced and shows an intent to defend the case."  (Dkt 29 at 6).  But in *Sacotte* the

23   defendant's lawyer not only made calls, but sent exactly the type of written confirmation that,

24   in the third question, asks whether a writing is required for the Doctrine to apply.  *Sacotte*,

25

**LEE · SMART**

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

143 Wn. App. at 414, 177 P.3d at 1149 ("**Sale sent two emails to NFM to confirm that** … **he had informally appeared** on its behalf and default could not be entered without notice").

As such, the Magistrate errs in these rulings, clarification is needed as to these questions, and such clarification should be sought from the Ninth Circuit.  This is a case dealing with a matter of first impression as to whether the Doctrine can be used outside of the context of setting aside default judgment.  It is an extraordinarily important issue and there is a substantial ground for judges to differ as to whether the law should be so extended.

**3.     The immediate resolution of the issues by the appeals court will materially advise the ultimate determination of the litigation.**

Litigation is materially advanced where resolution of controlling questions could shorten the time, effort, and expense of the litigation.  *See McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004) (citing cases).  This case is at its initial stages.  No discovery has occurred.  Future discovery, motions practice, and trial would center on substantial compliance as to Plaintiffs' alleged appearance and how Patenaude responded.  Discovery as to the employee's alleged statement will be limited.  An answer to these questions of first impression will ultimately save time and resources, and therefore the litigation will be materially advanced by certification.[2]  Resolution by the Ninth Circuit will "materially advance the ultimate determination of the litigation."  The questions above set forth pure issues of law.  If the Ninth Circuit holds that the Doctrine cannot be extended beyond setting aside a default judgment, and Patenaude cannot be sued for following Washington court rules and statutes as written, then denial of its motion will have to be reversed, and the case would terminate.

---

[2] Exceptional circumstances also justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.  This Court created new law on an issue of first impression. Permitting the substantial compliance doctrine to be used as a basis to seek damages was never previously authorized.  The new ruling will permit litigation to explode against creditors and creditors' counsel.  Certification could save a huge amount of time and resources, not only for this Court, but for an abundance of parties and their counsel.

LEE · SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

**B.    Patenaude meets the standard for obtaining a stay.**

A district court considers four factors in determining whether to grant a stay pending appeal: (1) whether the stay applicant has made a showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Golden Gate Rest. Ass'n v. City & Cnty. of San Francisco*, 512 F.3d 1112, 1115 (9th Cir. 2008) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113 (1987)). "Since the traditional stay factors contemplate individualized judgments in each case, the formula cannot be reduced to a set of rigid rules." *Hilton*, 481 U.S. at 777.

Success on the merits:  Using the Doctrine as a sword to bring FDCPA and CPA claims is contrary to the equitable purpose of this judicially created doctrine.  The Doctrine is a judicially created doctrine used solely for the equitable purpose of setting aside default judgments and permitting a case to be tried on the merits.  No court has ever extended the Doctrine beyond the context of moving to set aside a default judgment, and permitting a party to knowingly fail to appear and then sue a creditor when the creditor follows Washington's rules and statutes as written is contrary to the intended purpose of the doctrine of "substantial compliance."  The Court's decision sets a dangerous precedent, and Patenaude is likely to prevail on appeal, since the Court's extension of the Doctrine into being a basis for claims against another party is not based on any prior Washington authority, disregards Washington law as to what constitutes formal appearance for obtaining a default, and applies an equitable doctrine meant to have cases tried on the merits as a means for a party to ignore its responsibilities and sue an opponent, which is not an equitable purpose at all.

Irreparable harm:  Absent a stay, Patenaude will lose money defending the suit that it can never get back.  It may also be subject to potential unwarranted liability that conflicts with current Washington law.  Defending against this suit will also divert its ability to engage in its

DEFENDANT'S OBJECTION TO MAGISTRATE'S
REPORT AND RECOMMENDATION - 11
2:19-cv-00809-JLR-TLF
6582772.doc

L E E · S M A R T
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

usual work, and therefore its livelihood will be impacted, and this time and money can never be returned to it, even if Patenaude ultimately prevails in the case. *See e.g., In re Boise Cascade Sec. Litig.*, 420 F. Supp. 99, 108 (W.D. Wash. 1976) ("to undertake a complex, expensive, five-to-six-month trial with a reasonable possibility that the reviewing authority might order a second trial would be highly prejudicial to the parties and a gross imposition on this Court").

<u>No harm to Mitchell/Jones</u>:  Mitchell/Jones will not be injured if a stay is put in place, since an early decision on the crucial issues will have to be determined either here or on a subsequent appeal; and an immediate appeal will actually speed up the process.

<u>Public interest</u>:  The public interest lies in having predictable court rules when it comes to obtaining justice.  Washington's Court rules are the purview of the Washington Supreme Court.  Washington's statutes are the purview of the Washington Legislature.  If Plaintiffs wish to change the laws, they should set about doing it by petitioning these governmental bodies. Therefore, the public interest lies in staying the proceeding until a decision on the certified questions by either the Washington Supreme Court or the Ninth Circuit, since the certified questions will protect the integrity of Washington law as it currently exists.

## IV.  CONCLUSION

For the reasons set forth herein, Patenaude requests that this Court certify to the Ninth Circuit the questions presented, and stay the case until a determination.

Respectfully submitted this 23rd day of October, 2019.

LEE SMART, P.S., INC.

By:  /s Marc Rosenberg
      Marc Rosenberg, WSBA No. 31034
      Of Attorneys for Defendant

      701 Pike St. # 1800
      Seattle, WA 98101-3929
      (206) 624-7990
      mr@leesmart.com

LEE · SMART
P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1

2
**CERTIFICATE OF SERVICE**

3
     I hereby certify that on the date provided at the signature below, I electronically filed

4
the preceding document with the Clerk of the Court using the CM/ECF system, which will send

5
notification of such filing to the following individual(s):

6
     T. Tyler Santiago          tyler@alkc.net

7
     Jason D. Anderson          jason@alkc.net

8
     I certify under penalty of perjury under the laws of the United States of America that the

9
foregoing is true and correct to the best of my knowledge.

10
     Respectfully submitted this 23rd day of October, 2019.

11
                              LEE SMART, P.S., INC.

12
                              By: /s Marc Rosenberg
                                  Marc Rosenberg, WSBA No. 31034

13
                                  Of Attorneys for Defendant

14
                                  1800 One Convention Place

15
                                  701 Pike St.
                                  Seattle, WA 98101-3929

16
                                  (206) 624-7990
                                  mr@leesmart.com

17

18

19

20

21

22

23

24

25

DEFENDANT'S OBJECTION TO MAGISTRATE'S
REPORT AND RECOMMENDATION - 13
2:19-cv-00809-JLR-TLF
6582772.doc

**LEE·SMART**
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944