UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LATEIA MITCHELL,<br><br>Plaintiff,<br><br>v.<br><br>PATENAUDE & FELIX A.P.C.,<br><br>Defendant. | CASE NO. C19-0809JLR-TLF<br><br>ORDER ADOPTING SECOND REPORT AND RECOMMENDATION |

**I. INTRODUCTION**

Before the court is the Report and Recommendation ("R&R") of United States Magistrate Judge Theresa L. Fricke (R&R (Dkt. # 29)), and Defendant Patenaude & Felix, A.P.C.'s ("Patenaude") objections thereto (Obj. (Dkt. # 31)). The court has reviewed the R&R, Patenaude's objections, Plaintiff Lateia Mitchell's response to Patenaude's objections (Resp. (Dkt. # 32)), the relevant portions of the record, and the governing law. Being fully advised, the court OVERRULES Patenaude's objections, ADOPTS the R&R, and DENIES Patenaude's motion to certify questions to the

Washington Supreme Court or the Ninth Circuit Court of Appeals and to stay the case (Mot. to Cert. (Dkt. # 25)).

## II. STANDARD OF REVIEW

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. *See* Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The court reviews de novo those portions of the report and recommendation to which specific written objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *Id.* When no objections are filed, the court need not review de novo the report and recommendation. *Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005).

## III. DISCUSSION

In the motion underlying Magistrate Judge Fricke's R&R, Patenaude asked the court to certify three questions either to the Washington Supreme Court or the Ninth Circuit Court of Appeals and to stay the case pending a decision on those questions. (*See* Mot. to Cert. (Dkt. # 27).) In her R&R, Magistrate Judge Fricke denied both requests to certify certain questions, as well as Patenaude's request to stay the case. (*See generally* R&R.) In its objections to Magistrate Judge Fricke's R&R, Patenaude limited its

arguments to the portion of Magistrate Judge Fricke's R&R denying certification to the Ninth Circuit. (*See* Obj. at 1 n.1 ("While Patenaude initially asked for certification to either the Washington Supreme Court or Ninth Circuit . . . , Patenuade limits its objections here and only seeks certification . . . to the Ninth Circuit.").) Thus, the court need not review de novo the portion of Magistrate Judge Frick's R&R denying certification to the Washington Supreme Court, *see Reyna-Tapia*, 328 F.3d at 1121, and limits its review to Magistrate Judge Fricke's denial of certification to the Ninth Circuit.

Section 1292(b) of Title 28 authorizes a party to immediately appeal an interlocutory order to the Ninth Circuit if the district judge is "of the opinion that such an order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Patenaude argues that Magistrate Judge Fricke applied an overly strict standard on the issue of whether a "substantial ground for difference of opinion" exists. (Obj. at 4-5.) Patenaude maintains that, instead of relying on the standard articulated in *Couch v. Telescope, Inc.*, 611 F.3d 629, 633 (9th Cir. 2010), Magistrate Judge Fricke should have relied upon the standard articulated in *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). (*See* Obj. at 5.) Patenaude asserts that, under *Couch*, the Ninth Circuit held that a district court "need never certify any question of first impression," but a year later, in *Reese*, "softened" its approach by allowing district courts to certify novel issues "on which fair-mined jurists might reach contradictory conclusions" without waiting for the development of contradictory precedent. (*See id.*) Thus, Patenaude argues that because

Magistrate Judge Fricke applied the wrong standard, she erred when she concluded that Patenaude failed to establish a substantial ground for difference of opinion on the novel issues it sought to certify. (*See id.* at 4-10; *see also* R&R at 8-11.)

The court overrules Patenaude's objections because Patenaude misinterprets both *Couch* and *Reese*. As the *Reese* court noted while quoting its prior decision in *Couch*, "[c]ourts traditionally . . . find that a substantial ground for difference of opinion exists where '. . . novel and difficult questions of first impression are presented,'" and courts need not await the development of contrary precedent to do so. *Reese*, 643 F.3d at 688 (quoting *Couch*, 611 F.3d at 633). Thus, contrary to Patenaude's argument, the standard that the Ninth Circuit articulated in *Reese* concerning under what circumstances novel issues may be certified for appeal did not depart from the standard the Ninth Circuit articulated in *Couch*.

Further, contrary to Patenaude's argument, Magistrate Judge Fricke applied the correct standard in determining whether a substantial ground for difference of opinion exists on the issues Patenaude presented. Indeed, Magistrate Judge Fricke expressly stated that "[w]hen a novel legal issue is presented, on which fair minded jurist[s] may disagree, the issue may be certified for interlocutory appeal" and the "district court need not first wait for the development of contradictory precedent." (*See* R&R at 8 (citing *Reese*, 643 F.3d at 688, and *Couch*, 611 F.3d at 633).) Accordingly, the court concludes that Magistrate Judge Fricke applied the correct standard under both *Couch* and *Reese*. Further, the court has reviewed Magistrate Judge Fricke's analysis under that standard and concurs with her conclusions that Patenaude failed to establish a substantial ground

for difference of opinion on any of the three issues Patenaude sought to certify to the Ninth Circuit. (*See* R&R at 8-11.)

Finally, even assuming that Patenaude is correct that there is a substantial ground for difference of opinion on the issues Patenaude seeks to certify and the other criteria of 28 U.S.C. § 1292(b) are met, the court would still overrule Patenaude's objections and adopt Magistrate Judge Fricke's R&R. This is because "[e]ven where the statutory criteria of [28 U.S.C] § 1292(b) are met, the district court 'retains discretion to deny permission for interlocutory appeal.'" *Tsyn v. Wells Fargo Advisors, LLC*, No. 14-CV-02552-LB, 2016 WL 1718139, at *3 (N.D. Cal. Apr. 29, 2016) (quoting *Kuzinski v. Schering Corp.*, 614 F. Supp. 2d 247, 249 (D. Conn. 2009)); *see also Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 47 (1995) ("Congress thus chose to confer on district courts first[-]line discretion to allow interlocutory appeals [under § 1292(b)]."). Section 1292(b) embodies a "narrow exception to the final judgment rule," *Couch*, 611 F.3d at 633, and indeed, is only to be used in "exceptional situations," *Cement Antitrust*, 673 F.3d at 1026. As the party seeking certification, Patenaude bears "the burden of showing that exceptional circumstances justify a departure from the 'basic policy of postponing appellate review until after the entry of a final judgment.'" *Fukuda v. L.A. Cty.*, 630 F. Supp. 228, 299 (C.D. Cal. 1986) (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)). Patenaude has not met that burden here. Accordingly, the court overrules Patenaude's objections, adopts the R&R, and declines to exercise its discretion to permit an interlocutory appeal to the Ninth Circuit.

//

## IV. CONCLUSION

For the foregoing reasons, the court hereby ORDERS as follows:

(1) The court ADOPTS the R&R (Dkt. # 29) in its entirety;

(2) The court OVERRULES Patenaude's objections (Dkt. # 31);

(3) The court DENIES Patenaude's motion to certify certain questions and stay the case (Dkt. # 25); and

(4) The court DIRECTS the Clerk to send copies of this order to the parties and to Magistrate Judge Fricke.

Dated this 16th day of January, 2020.

JAMES L. ROBART
United States District Judge